### GALLUP et al. v. CREAL et al.

(Circuit Court of Appeals, Fifth Circuit. January 28, 1918.)

#### No. 3078.

ADVERSE POSSESSION ☞115(1)—PROCEEDINGS—JURY QUESTION.

Under a Texas statute enabling an adverse possessor of land to acquire 160 acres, which must include his improvements, although his actual occupancy may be of only part of the land claimed, defendant claimed 160 acres in section 21, though he had previously claimed 160 acres in the adjacent section 6, basing title on his purchase from one who by virtue of actual occupancy of a different, but contiguous, tract claimed to have acquired 160 acres out of section 6. It appeared that the parcel, on which defendant's improvements were located, was partly in section 21 and partly in section 6; but there was evidence tending to prove the possession of his vendor, on which defendant relied to support his claim to land in section 6, was of only a part of the improved tract, and not the part of it in section 21, the actual adverse occupancy of which defendant relied on to support his claim to land in that section. *Held*, that there was no incompatibility between defendant's claim to land in section 6 and to other land in section 21, which precluded submission to the jury of the question of his right to an adverse title to 160 acres in section 21, on the ground he had already claimed land in section 6, based on his possession of land in both sections.

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Trespass to try title by David L. Gallup and others against Griffin Creal and Monroe Reese. There was a judgment for the last-named defendant, and plaintiffs bring error. Affirmed.

Ballinger Mills, of Galveston, Tex., for plaintiffs in error.

Oliver J. Todd, of Beaumont, Tex. (J. A. Mooney, of Woodville, Tex., on the briefs), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is the second writ of error in this case. When the case was here before, a judgment in favor of the present plaintiff in error was reversed. Creal v. Gallup, 231 Fed. 96, 145 C. C. A. 284. The pending writ of error presents for review a judgment in favor of the defendant in error Reese for 160 acres of land in section 21 of a survey, which he claimed to have acquired by 10 years' adverse possession.

The law under which the claim was made is a Texas statute, which enables an adverse possessor of land to acquire 160 acres, which must include his improvements, though his actual occupancy may have been of only a part of the land claimed. Under that law one adverse possession for the required time supports only one claim to 160 acres. It was contended in behalf of the plaintiff in error that Reese lost the right to set up the claim on which he recovered by previously making the claim, based upon the same possession, of 160 acres out of section 6, which adjoins section 21. There was evidence tending to prove that the claim formerly made by Reese to 160 acres out of section 6 was based, not on his own possession, relied on to support the claim asserted in this suit, but upon his purchase from one who, by virtue of an actual adverse occupancy of a different, but contiguous, tract, claimed to have acquired 160 acres out of section 6. It appeared that the tract on which Reese's improvements are located is partly in section 21 and partly in section 6; but there was evidence tending to prove that the possession of his vendor, which Reese relied on to support the claim he made to 160 acres in section 6, was of only a part of the improved tract, and not that part of it in section 21, the actual adverse occupancy of which by Reese was relied on to support the claim which was sustained by the judgment now under review.

Under a phase of the evidence there was no incompatibility between Reese's former claim to 160 acres out of section 6 and the claim which he successfully asserted in this suit. The conclusion is that the record does not sustain the contention made in behalf of the plaintiff in error that the requested instruction to find against Reese should have been given on the ground that the uncontroverted evidence showed that he had formerly made a claim to 160 acres out of section 6, based upon the same possession which was relied on to support the claim he made in this case. The court did not err in submitting to the jury the determination of the issues raised by conflicting evidence.

The judgment is affirmed.