### LEVINE v. UNITED STATES.
### No. 31.

Circuit Court of Appeals, Second Circuit.
Nov. 3, 1943.

628

Morris E. Packer, of Brooklyn, N. Y., for appellant.

Harold M. Kennedy, U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y. (Mario Pittoni, Asst. U. S. Atty., of Lynbrook, N. Y., of counsel), for respondent.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

The appellant was unsuccessful in his attempt to have suppressed evidence consisting of five 5-gallon cans of alcohol which had been seized during the search of a garage he rented. He first proceeded by notice of motion supported by an affidavit. The government filed an opposing affidavit; and the judge, then being unable to reach a decision, set the matter down for hearing. The parties thereafter appeared pursuant to such order and the government called three investigators of the Alcohol Tax Unit who testified. The attorney for the appellant cross-examined them but introduced no evidence. The judge then denied the motion and this appeal was taken.

There was substantial evidence to show that the investigators had received confidential information from a source which had been proved reliable upon other occasions that Garage No. 29 near Livonia Ave., at Strauss St., in Brooklyn, N. Y., was being "used by Joe Levine as his alcohol drop." They also had from the same source information that a "shipment of alcohol was expected that morning"; meaning the morning when the search was made that turned up the evidence now sought to be suppressed.

It was further shown without contradiction that the officers had been investigating the appellant for about three weeks and that Levine was acquainted with one, if not more, of them and knew that he was a federal investigator. After being informed as already stated, the investigators took up positions where they could observe the garage and the approaches to it. It proved to be a stall, suitable for only one car in a building with other such stalls, which was part of premises known as the G. K. Service Station. After waiting until about eleven o'clock in the morning the officers saw a man of whom they had knowledge which made them suspicious drive up in a Ford coach and back it into the garage stall No. 29. Just then the appellant came walking up Strauss St., toward the garage and was seen to go into it.

The officers now went nearer the garage, and when they had reached it or nearly so the appellant came out leaving one of the doors about two feet ajar. When he saw the officers approaching he started to run but was caught and put under arrest at once. He was asked what he was doing there and replied, "I have nothing to do with that garage." One of the officers thereupon went into the garage and arrested the driver of the car, Joseph Curcia, who was standing near a carton containing two 5-gallon cans of alcohol and also three other 5-gallon cans containing alcohol, on none of which were there the federal tax stamps required by law.

The appellant insists that the search was unlawful because unreasonable within the meaning of the Fourth Amendment and relies in large part upon our decision in United States v. Kind, 2 Cir., 87 F.2d 315, where we held a search unlawful under circumstances in many respects similar. The distinguishing differences between the Kind case and this one are in the facts that here the officers saw the appellant start to run when he saw them; that he knew one or more of them to be federal officers; and consequently that they had reason to believe that he was trying to avoid arrest. The test of the legality of the arrest is whether they had reasonable cause to believe that a crime was being committed in their presence. Carroll v.

United States, 267 U.S. 132, 156, 157, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. They did not have to be sure. United States v. Salli, 2 Cir., 115 F.2d 292. And the apparent attempt to escape under the circumstances here shown was seemingly an attempt to avoid the consequences of a crime being committed and enough to give the officers reasonable cause to arrest the appellant. Husty v. United States, 282 U. S. 694, 700, 701, 51 S.Ct. 240, 75 L.Ed. 629, 74 A.L.R. 1407. Having lawfully arrested the appellant, the officers could of right search the immediate vicinity. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409; United States v. 1013 Crates of Whiskey Bottles, 2 Cir., 52 F.2d 49, 51. And as the arrest was made right outside the one-car garage stall from which he had just come, leaving the door open wide enough for a man to step through, there can be no doubt but that the interior of the garage was within the immediate vicinity.

As the search and seizure were thus justified as incidents of the lawful arrest of the appellant, we need not now decide whether there was time to obtain a search warrant without undue risk that the evidence would be meanwhile removed; or whether the appellant's disclaimer that he had anything to do with the garage should be given the same effect on such a motion as this as would be given his consent to the search.

Order affirmed.