**RAY v. UNITED STATES.**
No. 4674.

United States Court of Appeals
Tenth Circuit.

Sept. 5, 1953.

---

2. See the order of this court of April 10, 1953. The matter is not referred to in the opinion.

Chal Wheeler and Bill Hillhouse, Muskogee, Okl., for appellant.

Frank D. McSherry, McAlester, Okl., and Roger K. Allen, Stilwell, Okl., for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The defendant Ray was convicted in the District Court for the Eastern District of Oklahoma upon two counts of an indictment. The first charged possession of non-tax paid whisky, and the second charged the defendant with concealing non-tax paid whisky. The defendant was arrested in open country while fleeing from a pickup truck which he had been driving, and a quantity of whisky was observed in the truck and seized. A motion was filed to suppress this evidence upon the grounds that the seizure was unlawful and in violation of the Fourth and Fifth Amendments to the Constitution of the United States.

The defendant waived jury trial and it was stipulated that if the motion to suppress was to be overruled, the evidence introduced at the hearing upon the motion was to be treated as though taken on the trial of the case upon its merits. The court denied the motion and found the defendant guilty on each count of the information. This appeal is from the judgment and sentence on that conviction, and challenges only the correctness of the order denying the motion to suppress.

Archie Kirkpatrick, the agent of the Alcoholic Tax Unit who made the arrest, testified that for a number of years he had known the defendant as a "bootlegger"; that he had arrested him in 1950 for violations of the federal statutes relating to liquor;[1] that he had had numerous complaints about the defendant and had recently found where a still had been located on his premises; that shortly thereafter he had been advised by an informer that the still was at another location on defendant's premises; that the still was found and ob-

---

[1] The defendant in his affidavit supporting the motion to suppress said:

"About five years ago I was convicted of having a still. About two years ago Mr. Kirkpatrick arrested me and I was convicted of having six half-gallons of untax paid whiskey in my barn. I have never been charged by the state authorities with any offense."

served by officers but no one came near it; that he had recent information that the defendant was making whisky and delivering it to the town of Hugo, Oklahoma at a retail outlet; and that he had stopped the defendant on other occasions but had not found him in possession of non-tax paid liquors.

On the night of the arrest, the agent, with others, while returning to Hugo on official business, noticed a truck stopped at a road intersection. It was on the road leading to defendant's home. This truck turned on to the same road upon which the agent was traveling and followed for a short distance. The truck then passed the agent's car and the defendant was recognized as the driver. The defendant immediately speeded up and while attempting to pass another car almost skidded into a ditch. The officers then decided to stop the defendant. They caught up with him and by use of a police siren and light signalled him to stop. The defendant refused to stop and manipulated the truck in such a manner as to prevent the car in which the officers were riding from passing or coming alongside. The road was somewhat wet and the windshield of the officer's car became covered with mud and it was necessary for it to stop. After cleaning the windshield the defendant was not in sight. The officers proceeded on to a main high-way and saw the truck on a side road some distance away. They approached the truck and discovered that it was wrecked. The defendant was observed running away toward the brush. He was overtaken and arrested by the Alcoholic Tax Unit agent. In the meantime, one of the other officers went to the wrecked truck, the left door of which was open, and he saw on the floor of the cab a number of fruit jars containing liquor. The agents seized the liquor and it is this seizure that the defendant urges was unlawful.

■■■ The Fourth Amendment guarantees against unreasonable searches and seizures, but it does not prohibit the search of a motor vehicle without a warrant for illegally possessed liquors if the search is made upon probable cause. Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Jones v. United States, 10 Cir., 131 F.2d 539. The facts which constitute probable cause in such cases are fully discussed and applied in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.[2] We think this case is not materially different from the Carroll and Brinegar cases and is controlled by those decisions. The flight of the defendant was an additional factor which may be considered to determine if there was probable

2. In discussing probable cause which would authorize an officer to search an automobile without a warrant it is said in the Brinegar case, 338 U.S. at page 176, 69 S.Ct. at page 1311:

"The troublesome line posed by the facts in the Carroll case and this case is one between mere suspicion and probable cause. That line necessarily must be drawn by an act of judgment formed in the light of the particular situation and with account taken of all the circumstances. No problem of searching the home or any other place of privacy was presented either in Carroll or here. Both cases involve freedom to use public highways in swiftly moving vehicles for dealing in contraband, and to be unmolested by investigation and search in those movements. In such a case the citizen who has given no good cause for believing he is engaged in that sort of activity is entitled to proceed on his way without interference. But one who recently and repeatedly has given substantial ground for believing that he is engaging in the forbidden transportation in the area of his usual operations has no such immunity, if the officer who intercepts him in that region knows that fact at the time he makes the interception and the circumstances under which it is made are not such as to indicate the suspect is going about legitimate affairs.

"This does not mean, as seems to be assumed, that every traveler along the public highways may be stopped and searched at the officers' whim, caprice or mere suspicion. The question presented in the Carroll case lay on the border between suspicion and probable cause. But the Court carefully considered that problem and resolved it by concluding that the facts within the officers' knowledge when they intercepted the Carroll defendants amounted to more than mere

cause for the search and seizure. Husty v. United States, supra; Talley v. United States, 5 Cir., 159 F.2d 703; United States v. Heitner, 2 Cir., 149 F.2d 105, certiorari denied Cryne v. United States, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432; Levine v. United States, 2 Cir., 138 F.2d 627; Jones v. United States, 10 Cir., 131 F.2d 539.

Judgment is affirmed.

suspicion and constituted probable cause for their action. We cannot say this conclusion was wrong, or was so lacking in reason and consistency with the Fourth Amendment's purposes that it should now be overridden. Nor, as we have said, can we find in the present facts any substantial basis for distinguishing this case from the Carroll case." (Footnotes omitted.)