Freddie Lee BROWNER and Freddie Levi, Appellants,

v.

UNITED STATES of America, Appellee.

No. 12234.

United States Court of Appeals Sixth Circuit.

Oct. 15, 1954.

Samuel Posner, Detroit, Mich., for appellants.

George E. Woods, Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and STEWART, Circuit Judges.

PER CURIAM.

In a trial for violation of the narcotic laws, agents of the Government were advised at seven o'clock, P. M., by an informer, that the appellants were to be at the informer's house at approximately eight o'clock that night to deliver to him an ounce and a half of heroin. The agents proceeded to the informer's house, where they concealed themselves. About half an hour later, two persons entered the house answering the description of them given to the agents by the informer. They were arrested and searched and, upon the person of one of them, there was found 405 grains of heroin, in violation of section 2553(a), Title 26, U.S.C.

At the trial, a motion to suppress the evidence was made on behalf of appellants on the ground that the search was made without a warrant and without probable cause to believe that the defendants were violating the law. The motion was denied, the evidence admitted, and a verdict of guilty returned by the court after waiver of a jury. The only issue relates to the reasonableness of the search.

 Its validity must be determined by the reasonableness in the light of the particular facts and circumstances of the case. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543. The information received by the agents from the informer did not of itself warrant the arrest; but, when the defendants appeared at the home of the informer at approximately the time agreed upon and answered the description given to the agents, it imparted verity to the information received. The agents then were justified in believing that there was probable cause that a crime was being committed. It must be observed that the arrest was made and the search conducted at the home of the informer, and not at the home of the appellants. This distinguishes the case from that of Agnello v.

United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, where it was said that there is no sanction in the decisions of the courts, federal or state, for the search of a private dwelling house without a warrant, and that absence of any judicial approval is persuasive authority that it is unlawful. This is on the ground that it is always feasible to obtain a search warrant for a search of the dwelling place of those accused. Worthington v. United States, 6 Cir., 166 F.2d 557, was similar: likewise, it involved the search of the home of the accused.

In this case, it was of course not feasible to obtain a search warrant before the time of delivery of the narcotics had arrived. The suggestion of counsel for the appellants that the agents should have waited until delivery was made to give reasonableness to the arrest is not persuasive, since no opportunity was given the agents upon such short notice to provide the informer with three hundred dollars of Government money with which to make the purchase.

Affirmed.