**Harvey Gene FOWLER, Appellant,**

v.

**UNITED STATES of America, Appellee (two cases).**

**Haskell D. SCOTT, Appellant,**

v.

**UNITED STATES of America, Appellee (two cases).**

**Nos. 5360–5363.**

United States Court of Appeals
Tenth Circuit.

Nov. 7, 1956.

Cleon A. Summers and Joe Cannon, Muskogee, Okl., for appellants.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The defendants, Fowler and Scott, were indicted and convicted on two indictments which charged them with violation of the Internal Revenue laws relating to intoxicating liquor. They were sentenced to a total of eighteen months imprisonment, together with fines on each conviction, the sentences to run concurrently. The cases are here on a consolidated record, but considered separately.

In cases number 5360 and 5361, the indictment contained four counts, three of which charged the defendants with the possession of an unregistered still, carrying on the business of a distiller without giving bond, and the possession of thirty gallons of non-tax paid whiskey. An additional count charged the defendants, along with a third person, with working at a distillery upon which no sign was placed as required by law. The convictions were obtained by the use of evidence which was seized by Alcohol Tax Unit Agents under a search warrant. Prior to arraignment, attorneys for defendants filed a motion to suppress the evidence on the ground that the search and seizure were illegal and in violation of the constitutional rights of the defendants. This motion alleged that the seized property belonged to the defendants. When the motion came on for hearing, defendant Scott testified that the seized property belonged to him. Fowler, however, testified that he had no ownership in the property and that the allegations made by the attorneys in the motion to the effect that the property belonged to him were not true. The Court overruled this motion, which ruling is not assigned as error on this appeal. During the trial of the case, the Court admitted in evidence against both defendants the motion to suppress, together with the testimony given by Scott. It refused to admit Fowler's testimony. The Court instructed the jury that the motion was signed by the attorneys for defendants and that "the defendants are bound by their statements". All of the questions presented here may be disposed of by a determination of the admissibility of the motion to suppress and defendants' testimony in support thereof.

Admissions or confessions of defendants in criminal cases, even after arrest, if voluntarily made, are admissible in evidence. 22 C.J.S., Criminal Law, § 654; United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Pixley v. United States, 10 Cir., 220 F.2d 912; Symons v. United States, 9 Cir., 178 F.2d 615, certiorari denied 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388; Ruhl v. United States, 10 Cir., 148 F.2d 173. The exact question of the admissibility in evidence on the trial of a criminal case of a motion to suppress, to prove ownership of seized property, has not often been before the courts.[1] In Safarik v.

1. Generally the courts have held that the protection against unreasonable searches and seizures afforded by the Fourth Amendment is personal and one who objects to the introduction of evidence unlawfully seized must claim some proprietary or possessory interest in the property. Steeber v. United States, 10 Cir., 198 F.2d 615, 33 A.L.R.2d 1425, and cases cited.

United States, 8 Cir., 62 F.2d 892, the motion was sustained and the Court held that the motion was inadmissible in evidence. See Fabri v. United States, 9 Cir., 24 F.2d 185. These cases are in line with the authorities which hold that evidence unlawfully acquired shall not be used at all. In Silverthorne Lumber Co. v. United States, 251 U.S. 385, 40 S. Ct. 182, 183, 64 L.Ed. 319, the Court, referring to the protection of the Fourth Amendment to the Constitution, said that "the essence of the provision forbidding the acquisition of evidence in a certain way is that not merely evidence so acquired shall not be used before the Court but that it shall not be used at all. Of course this does not mean that the facts thus obtained become sacred and inaccessible. If knowledge of them is gained from an independent source they may be proved like any others, but the knowledge gained by the Government's own wrong cannot be used by it in the way proposed". However, these decisions are authority only when the evidence was illegally seized. On the other hand, so far as we have been advised, all the courts which have considered the question of the admissibility in evidence of the motion or the testimony in support of the motion, after it has been overruled, have favored admissibility. Heller v. United States, 7 Cir., 57 F.2d 627, 629,[2] certiorari denied 286 U.S. 567, 52 S.Ct. 647, 76 L.Ed. 1298; Kaiser v. United States, 8 Cir., 60 F.2d 410, certiorari denied 287 U.S. 654, 53 S.Ct. 118, 77 L.Ed. 565; Vaught v. United States, 9 Cir., 7 F.2d 370; see also 22 C.J.S., Criminal Law, § 733. We therefore hold that the motion to suppress, together with a defendant's testimony in support thereof, which has been properly overruled on the ground that the search was legal, is admissible in evidence as an admission against interest.

■■ A more serious question arises as to the admissibility of this particular motion which was signed only by the attorneys for the defendants. No foundation was laid for its admissibility other than the record showed that the signing attorneys were the attorneys of record for the defendants. With some exceptions, the courts have held that pleadings in former cases or those which have been superseded by other pleadings, not under oath, and signed only by attorneys for the parties, without further proof of authority, are incompetent as admissions of the parties. 20 Am.Jur., Evidence, § 634; Delaware County v. Diebold Safe & Lock Co., 133 U.S. 473, 10 S.Ct. 399, 33 L.Ed. 674; Fuller v. King, 6 Cir., 204 F.2d 586; Fidelity & Deposit Co. of Maryland v. Redfield, 9 Cir., 7 F.2d 800; Creal v. Gallup, 5 Cir., 231 F. 96, affirmed, 5 Cir., 247 F. 312; Kentucky Rock Asphalt Co. v. Helburn, D.C.W.D.Ky., 20 F.Supp. 364, affirmed 6 Cir., 108 F.2d 779; Buehman v. Smelker, 50 Ariz. 18, 68 P.2d 946. A motion to suppress evidence in a criminal case is in the same category as the pleadings referred to in these cases. As to Scott, the admission of the motion was not prejudicial because he not only relied upon the allegations, but acquiesced in and approved them by testifying under oath in support of the motion that he owned the property. The motion was therefore admissible as to Scott. Fowler, however, in his testimony, repudiated the allegations made by the attorneys and said that they were not true. In any event, the motion was admissible only as an admission against interest to be considered along with the other evidence in the case, and the instruction should have been to that effect.

2. In the Heller case, the Court said, "Having voluntarily become a witness upon one issue in the case, what he there testified may thereafter be shown against him upon trial of any other issue therein. This was held in principle, but upon somewhat differing facts, in Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054, and Powers v. United States, 223 U.S. 303, 32 S.Ct. 281, 56 L.Ed. 448; and upon like facts in Vaught v. United States, [9 Cir.,] 7 F.2d 370, and United States v. Lindsly, [D.C.La.] 7 F.2d 247. We find in this no invasion of appellant's constitutional immunity against compulsory self-incrimination."

Because of Scott's admissions under oath, the instruction was not prejudicial as to him.

■■ The question presented in cases 5362 and 5363 is whether there was a valid search of an automobile operated by the defendants. After a motion to suppress was overruled, the defendants submitted the case to the court on the evidence taken at the hearing on the motion. The Court found both defendants guilty. Although the evidence is in some respects different than in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, and Brinegar v. United States, 10 Cir., 165 F.2d 512, affirmed 338 U.S. 160, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, we think the officers had probable cause to search the car under the tests established in those cases.[3] The defendants had reputations as bootleggers; Alcohol Tax Unit Agents had information to the effect that non-tax paid whiskey was being stored and kept on premises formerly owned and later leased to Fowler; they had the premises and a Mercury automobile operated by the defendants under surveillance from April 27, 1955, to May 5, 1955, in an attempt to determine if there were liquor law violations. The Fowler place was in the country near a stream, where the agents, on April 27th, were observing the premises while posing as fishermen. The defendants appeared in a light colored Mercury automobile and, after parking their car some distance from the premises, visited briefly with the agents. They then proceeded on foot through a wooded area and approached the buildings by an indirect route. The agents spent most of the day of May 5th watching the premises, and about midnight an automobile approached which appeared to be the same as the one which was seen there on April 27th. As it came near to the access road leading from the highway to the buildings on the Fowler place, the lights on the car were turned out and it proceeded to the house and from there to a sheet iron building. The agents observed considerable activity there which appeared to them to be the loading of cartons into the automobile. A short time later the automobile left the premises, with its lights off, and the officers followed and determined from the license number on the automobile that it was the same Mercury seen on April 27th in possession of the two defendants. After proceeding for a short distance, the Mercury turned off on a side road. The agents continued and stopped their car along the highway. Within a few minutes the Mercury returned to the highway and proceeded toward the agents. The agents used the police siren to stop the Mercury and they approached it, one of them carrying a shotgun. When the defendants were asked what they had in the car, one of them replied that it was whiskey. One of the agents then said: "Haskell, how much have you got?" Scott replied: "About 60 gallons". The cartons stacked in the automobile were plainly visible from the outside. The agents then searched the Mercury automobile and found sixty gallons of non-tax paid whiskey. These facts are very close to those in the Brinegar case in which this Court held that an admission to government agents of possession of whiskey by the defendant when the car was stopped, furnished probable cause for search even though the agents did not have such probable cause prior to the admission. On appeal the Supreme Court held that the facts without the admission were sufficient to constitute probable cause for search, and affirmed. The Supreme Court in the majority opinion did not discuss or refer to the right of agents to search upon admissions made after an automobile has been stopped on the highway. In addition to holding that there was probable cause to stop and search the car, we adhere to the rule in the Brinegar case that voluntary admissions of guilt made upon interrogation, after being stopped by agents, and before a search, are sufficient probable

3. In the Brinegar case, the Supreme Court said " 'the substance of all definitions' of probable cause 'is a reasonable ground for belief of guilt.' "

cause. The Brinegar case followed the rule of Morgan v. United States, 10 Cir., 159 F.2d 85, where the admissions were not unlike those here.

Case No. 5360 is reversed and remanded for a new trial; cases Nos. 5361, 5362, and 5363 are affirmed.