Richard Calvin PRICE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5973.

United States Court of Appeals Tenth Circuit.

Jan. 2, 1959.

William K. Powers, Tulsa, Okl. (Dyer, Powers & Gotcher, Tulsa, Okl., was with him on the brief), for appellant.

Hubert A. Marlow, Nowata, Okl. (Robert S. Rizley, Tulsa, Okl., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

The indictment in this case contained two counts. The first count charged Richard Calvin Price with the possession of non-tax-paid whiskey, and the second count charged him with the concealment of non-tax-paid whiskey with the intent to evade and defeat the assessment and collection of the tax thereon imposed by law. A motion was filed in the case to quash the indictment, suppress certain evidence, and compel the return of certain seized property. Evidence was adduced and the motion was denied. Thereafter, trial by jury was waived and the cause was submitted to the court upon the evidence taken on the motion to suppress. The defendant was found guilty on both counts of the indictment and was sentenced to imprisonment. This appeal seasonably followed.

The denial of the motion to suppress evidence is challenged upon the ground that the action of three investigators for the Alcohol and Tobacco Tax Division of the Internal Revenue Service in stopping appellant's automobile, searching the automobile, and seizing the liquor in the automobile, all without a search warrant, was without probable cause, was unreasonable, and was in violation of the Fourth Amendment to the Constitution. The constitutional provision protects a citizen against unreasonable searches and seizures without a search warrant. It does not prohibit all searches and seizures without a search warrant. It brings within its reach only those which are unreasonable. But it does not undertake to define "unreasonable" searches or to blueprint the test for determining whether a search was unreasonable. And therefore the question in each case is to be decided on its own facts and circumstances. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Go-Bart Importing Co. v. United States, 282 U.S. 344, 357, 51 S.Ct. 153, 75 L.Ed. 374; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399; United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653. But it may be said in general terms that probable cause exists in a case of this kind where the facts and circumstances known to the searching and seizing officers, together with the reasonable inferences fairly to be drawn from the facts, are such as would lead a reasonably intelligent and prudent person to conclude that there is good ground to believe that the automobile is being used for the transportation of contraband liquor. Carroll v. United States, supra; United States v. McCall, 10 Cir., 243 F.2d 858.

Manifestly, it becomes necessary to consider what facts and circumstances

were known to the investigators at the time of the search and seizure. Evidence was adduced upon the hearing on the motion which tended to establish these facts and circumstances. Appellant resided west of Pawhuska, Oklahoma. Pawhuska was the county seat of the county in which he resided. There were two roads leading into Pawhuska from the west; but due to the making of improvements, one of them was not open to travel. The one open to travel made it necessary to come across a low-water bridge and then up a hill to get into the town. The investigators had information that a colored woman in Pawhuska known to be in the illicit whiskey business was a customer of appellant; and sometime during the afternoon of the day preceding the search and seizure, the investigators received information from a source which had been very reliable that appellant was going to make a delivery of whiskey in Pawhuska the following morning. On the morning of the search and seizure, the investigators without having obtained a search warrant went by automobile to a point near the top of the hill immediately east of the low-water bridge and parked their car there. The investigators knew that appellant drove a 1953 model Lincoln automobile; and at about eight o'clock in the morning they saw the car come across the low-water bridge and start up the hill. The investigators recognized the car at about the time it crossed the low-water bridge. They knew appellant and he knew them, but they did not recognize him at that time. They immediately drove their car to a position somewhat across the road for the purpose of blocking appellant's car. Appellant slowed his car, but there was no place for him to go except on up the hill. He went to the top of the hill and then turned east down a street. He was driving and continued to drive at about fifteen or twenty miles per hour. The investigators pulled in behind appellant and after both cars had gone about a quarter of a block, they pulled around in front of him and forced him to stop. The investigators got out of their car and came back to appellant's car. While they were doing that, he pressed buttons which automatically raised and locked the windows to his car. The engine to his car had gone dead. He manipulated the gear shift and the ignition switch, and he bent over and seemingly reached under the front seat. Upon reaching appellant's car, the investigators stated to appellant that he was under arrest, and directed him to open the windows. One of the investigators struck a window twice with the barrel of his gun and broke it. At about that time one or more of the investigators looked in the rear of the automobile and saw some gallon glass jars in two Coca-Cola cases. The jars contained colorless liquid which the investigators guessed was liquor. After the agents had stated that appellant was under arrest, and after one of them had broken the window of the car, appellant opened the door and got out. When he got out, one of the investigators asked him how much liquor he had and he replied ten gallons. The automobile was searched and the liquor seized.

■ When tested for probable cause to justify the making of the search and seizure without a search warrant, the evidence immediately brings into focus certain significant features of weakness. The evidence relating to appellant's reputation for being a dealer in contraband liquor was scant and somewhat indirect. There was no evidence that he owned or operated a still. There was no evidence that he was a professional liquor runner. There was no direct evidence that he ever sold or agreed to sell contraband liquor. There was no evidence that the automobile had ever been used on previous occasions for the transportation of contraband liquor. There was no evidence that the automobile appeared to be lower at the rear end than at the front. There was no evidence that the road being traveled by appellant was a well-known route from a well-known source of supply to a well-known source of outlet for contraband liquor. There was no evidence of speeding in an effort to es-

cape. There was evidence of a change in course of the automobile, but that was occasioned to avoid a collision with the car of the investigators. And until appellant's car had been stopped, until the announcement had been made that appellant was under arrest, until an effort had been made to enter appellant's car, and until the window in the car had been broken or was being broken as a part of such effort, none of the investigators saw anything in the car which they identified by color, smell, label, or otherwise as being contraband liquor. These facts and circumstances distinguish the case from the landmark cases of Carroll v. United States, supra; and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879. And similarly, they distinguish the case from Ray v. United States, 10 Cir., 206 F.2d 796; Fowler v. United States, 10 Cir., 239 F.2d 93; United States v. McCall, supra; decided by this court. We think that the facts and circumstances surrounding the search and seizure without a search warrant were not sufficient to constitute probable cause, and that therefore motion to suppress the liquor as evidence should have been sustained.

■ In response to a question asked him, appellant stated to the investigators that he had ten gallons of whiskey in the automobile. But that was after the investigators without having a search warrant blocked the path of appellant's car at the top of the hill; after the investigators without having a search warrant followed, overtook, and forced appellant to stop his car; after the investigators without having a search warrant told appellant that he was under arrest; after the investigators without having a search warrant endeavored to compel appellant to open the door or doors to his automobile; and after one of the investigators without a search warrant and as a means of forcibly entering the automobile for the purpose of making the search broke a window of the automobile. The statement of appellant made under those circumstances, either standing alone or in connection with the other facts and circumstances, did not constitute probable cause which warranted the making of the search and seizure without a search warrant. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Clay v. United States, 5 Cir., 239 F.2d 196.

The judgment is reversed and the cause remanded with directions to sustain the motion to suppress the seized intoxicating liquor as evidence.