**UNITED STATES of America, Appellant,**

v.

**ONE 1957 FORD CUSTOM TUDOR, Motor No. A7MG167966; and Lewis Millard Smith, Appellees.**

**No. 6010.**

United States Court of Appeals
Tenth Circuit.

Feb. 21, 1959.

Harry G. Fender, Muskogee, Okl. (Frank D. McSherry and Paul M. Brewer, Muskogee, Okl., on the brief), for appellant.

Anthis & Gotcher, Muskogee, Okl., on brief for appellees.

Before HUXMAN, MURRAH and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a judgment suppressing the incriminating evidence and denying forfeiture of a condemned automobile in a prosecution for violation of the Internal Revenue laws relating to liquor. The arrest, search and seizure were effected without a warrant but primarily on confidential information, and the decisive question is whether in these circumstances there was probable cause therefor.

On motion to suppress, there was evidence in support of probable cause to the effect that the arresting officers had known the accused, Lewis M. Smith, as a "dealer in moonshine whisky" since his arrest and conviction for liquor violations in 1952. The court sustained an objection to any evidence from undisclosed sources, but the government offered to prove that Sunday afternoon, February 23, 1958, about two p. m., one of the arresting officers, an investigator for the Alcohol Tax Unit, received information from a confidential informant that Smith was in the Weathers Community; that he was driving his 1957 Ford automobile with his family; that he was there to get a load of whisky and in a short time would be coming out from the Weathers Community on the Savage road traveling north toward Eufaula, Oklahoma, where he lived. There was evidence that the Weathers Community was a mountainous area, "noted for moonshine violations." The officers had information that the accused usually followed the Savage road, which is the only road leading north from the Weathers Community.

With this information the investigator and his partner drove south on the Savage road toward the Weathers Community, watching for Smith and his automobile. While descending a hill, they recognized Smith and his automobile coming toward them. There were five people in the car; it was traveling uphill "very slow—not more than ten or twelve miles an hour." The road was rough and the car appeared to be loaded. The officers turned their car into Smith's traffic lane, causing him to stop about twenty feet away. One of the officers immediately alighted and went down to the Smith car and the other followed. One of the officers asked Smith how much whisky he had and Smith asked him if he had a search warrant. The officer answered that he did not have a warrant but wanted to search the car on probable cause—that he was sure he had whisky. The officer thereupon took Smith's car keys from his hand, and as he walked to

the rear of the car asked Smith again how much whisky he had, and Smith answered that he had six cases or thirty-six gallons. The officers opened the trunk of the car, seized the whisky, arrested Smith, and these proceedings followed.

■ There was a conflict in the evidence concerning the amount of force used by the officer to take the keys from the accused's hand. The officer related that while both of them had hold of the keys he told Smith that he was going to take them and that Smith "turned loose of the keys." Smith testified that the officer twisted them out of his hand. The trial court thought the officer "took them away from him." It seems fair to say that the keys were not voluntarily surrendered. But we do not understand the court to take the view that the conduct of the officers was so incompatible with humane law enforcement as to render the seizure inadmissible on a trial of the charges against the accused. There is nothing to indicate the use of unnecessary force or that the accused was physically or mentally abused. Cf. Price v. United States, 10 Cir., 262 F.2d 684.

■ The trial court's exclusion of the evidence rests upon its declared policy not to admit evidence of an undisclosed source in support of probable cause for search. We are constrained to disagree with the distinguished trial court, based upon our view of the applicable law as announced in United States v. One 1957 Ford Ranchero Pickup Truck, 265 F.2d 21, filed this day. What we said there concerning the competency of confidential information in cases of this kind is equally applicable here. So considered against the background of the officers' knowledge of the accused's reputation for violation of the liquor laws, we think the officers had the right and duty to investigate as they did. And, when they saw the Smith car approaching in the manner and under the circumstances as related by the confidential informant, the officers were no longer acting on hearsay or bare suspicion. The course of events imparted verity to their information. Cf. United States v. One 1957 Ford Ranchero Pickup Truck, supra; Browner v. United States, 6 Cir., 215 F.2d 753; Petteway v. United States, 4 Cir., 261 F.2d 53.

Remission of Forfeiture

The court denied forfeiture solely on the ground of suppression of the evidence. There is no contention that the mortgagee of the automobile attempted to comply with Section 3617(b), 18 U.S.C., or that the accused did not have a record or reputation as defined therein. The remission must fall with the order of suppression, and the case is accordingly reversed.