James E. ADAMS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12302.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 17, 1954.

Decided April 21, 1955.

**46**

Mr. Roy St. Lewis, Washington, D. C. (appointed by this court), with whom Mr. Carl L. Shipley, Washington, D. C., was on the brief, for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from an order of the District Court denying a motion to vacate a criminal sentence, under Section 2255 of Title 28, U.S.Code (1952).

■ Appellant was convicted of robbery, after a jury trial, and was sentenced to imprisonment. D.C.Code, § 22–2901 (1951). Some three months later he filed his motion to vacate sentence. It was denied without a hearing. On ap-

peal, appellant urges that the District Court erred during the course of the trial when it denied his motion for judgment of acquittal; when it allowed the prosecuting attorney to use extreme language to the jury;[1] and when it failed to instruct the jury (a) on intoxication as a defense, and (b) that the accused must be acquitted if the jury found the facts supported an inference of innocence equally as well as an inference of guilt.[2]

■ None of these matters is within the scope of the collateral attack authorized by Section 2255. That section requires that a sentence be vacated when the court finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack". As the Fourth Circuit has said—

"Prisoners adjudged guilty of crime should understand that 28 U.S. C.A. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty. Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them. Only where the sentence is void or otherwise subject to collateral attack may the attack be made by motion under 28 U.S.C.A. § 2255, which was enacted to take the place of habeas corpus in such cases and was intended to confer no broader right of attack than might have been made in its absence by habeas corpus." Taylor v. United

1. The prosecuting attorney told the jury that defendant had "lied" and reminded them that "this is your city," adding "if you want to do something about it, you have got the opportunity right now to do the right thing. Whatever your decision is, whatever it is, let it be a fair one, to the city as well as to these

two defendants." (Tr. 81) This language was hardly so extreme as to vitiate the judgment and permit collateral attack.

2. Neither of these instructions was requested at the trial by appellant's then counsel.

States, 4 Cir., 1949, 177 F.2d 194, 195.[3]

Appellant's remaining allegation is more troublesome. It is that his trial counsel was incompetent; that counsel failed to subpoena a material witness; and that counsel interviewed appellant for less than ten minutes, prior to the trial. No hearing was held on this subject, when raised by appellant's motion. Genuine issues of material fact, raised in a proceeding under Section 2255, cannot be resolved without a hearing, followed by findings of fact and conclusions of law. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; cf. United States v. Davis, 7 Cir., 1954, 212 F.2d 264; United States v. Paglia, 2 Cir., 1951, 190 F.2d 445. Alleged misconduct or incompetency of counsel might in a proper case raise such an issue. Jones v. Huff, 1945, 80 U.S. App.D.C. 254, 152 F.2d 14; Johnson v. United States, 1940, 71 App.D.C. 400, 110 F.2d 562; see also United States v. Helwig, 3 Cir., 1947, 159 F.2d 616. But this is not a case of that sort. Appellant's criticisms of his counsel were initially made at the time of his sentencing, in the presence of court and counsel. The latter then explained to the court the reason for the absence of the witness.[4] The court stated that counsel had done "an excellent job" in representing Adams. Our examination of the transcript of the trial proceedings shows that appellant was competently defended. In these circumstances we think a hearing under Section 2255 was not needed to develop the issue further. As to the absent witness, appellant does not say what the substance of his testimony would have been, asserting merely that it would have established his innocence. Thus, on the face of the record, appellant's present allegations—even if true—would not sustain his claim that he was not given a fair trial and that his sentence should be set aside. As this court has held in Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 7, 148 F.2d 667, 669, certiorari denied 325 U.S. 889, 65 S.Ct. 1576, 89 L.Ed. 2002, for such a claim to succeed "an extreme case must be disclosed. It must be shown that the proceedings were a farce and a mockery of justice. * * * Carelessness of counsel is not the ground for habeas corpus in such a case."[5]

---

3. See also Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802, certiorari denied, 1950, 339 U.S. 983, 70 S. Ct. 1030, 94 L.Ed. 1387; Klein v. United States, 7 Cir., 1953, 204 F.2d 513, 20 A.L.R.2d 976, 987.

4. "I would like to state I attempted to locate this witness, and he was in Occoquan and was released, and was not identified by the name given to me by Mr. Adams here." (Tr. 125)

5. For cases rejecting an attack on conviction because of alleged incompetence of counsel, see (a) *on appeal*, Smith v. Baldi, 1953, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549; Avery v. State of Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; United States v. Wight, 2 Cir., 1949, 176 F.2d 376, certiorari denied, 1950, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586, and cases there cited; Edwards v. United States, 1943, 78 U.S.App.D.C. 226, 139 F.2d 365, certiorari denied, 1944, 321 U.S. 769, 64 S.Ct. 523, 88 L.Ed. 1064; or (b) *in habeas corpus or like proceedings*, Fields v. Hunter, 10 Cir., 1948, 167 F. 2d 547; Maye v. Pescor, 8 Cir., 1947, 162 F.2d 641; Hudspeth v. McDonald, 10 Cir., 1941, 120 F.2d 962; Achtien v. Dowd, 7 Cir,, 1941, 117 F.2d 989; United States ex rel. Mitchell v. Thompson, D.C.S.D.N.Y.1944, 56 F.Supp. 683. See Note, Incompetent Counsel as Ground for New Trial in Criminal Cases, 47 Col.L.Rev. 115 (1947); Comment, 28 Texas L.Rev. 237 (1949). We are, of course, not unmindful of the fact that the administration of justice at times requires us to void convictions where the trial of the prisoner because of lack of effective representation by counsel did not come up to the constitutional standard. See Jones v. Huff; Johnson v. United States; and United States v. Helwig, all cited supra in the text of this opinion. And, in general, see Reginald H. Smith, Justice and the Poor (1919), *passim*; Comment, The Substance of the Right to Counsel, 17 U. of Chi.L.Rev. 718, 722 (1950); Potts, Right to Counsel in Criminal Cases: Legal Aid or Public Defender, 28 Texas L.Rev. 491,

■■ For these reasons, we cannot say the District Court erred in denying without a hearing appellant's motion under Section 2255. There was no legal point which required discussion or an explicit ruling; there was no genuine issue of material fact which required an evidentiary hearing. Summary disposition of futile and groundless motions is permissible under the terms of the statute, when " 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief' ".[6] We are satisfied from our own examination of "the motion and the files and records of the case", as placed before us, that this statutory provision was applicable here. It seems evident that the District Court, though it does not expressly state so in the record, made a like examination and came to a like conclusion. Cf. Birtch v. United States, 4 Cir., 1949, 173 F.2d 316, certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747; Morales v. United States, supra; Garcia v. United States, 9 Cir., 1952, 197 F.2d 687; United States v. Fleenor, 7 Cir., 1949, 177 F.2d 482. It would have been better practice for the District Judge to have made a statement on the record to the effect that the motion and the files and records of the case conclusively showed that the prisoner was entitled to no relief under Section 2255: such a statement, made on the trial court's responsibility and conscience as a judge, would have advised this court on the record that the trial court in denying the motion had in mind the statutory standard. But we see no need to remand for that purpose.

Affirmed.

especially at 503 et seq. (1950). See also Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309.

6. See Morales v. United States, 1 Cir., 1951, 187 F.2d 518, 519; Meredith v. United States, 4 Cir., 1953, 208 F.2d 680; Martin v. United States, 8 Cir., 1952, 199 F.2d 279. Cf. United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388.