**Mason W. WHITE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 12993.**

United States Court of Appeals District of Columbia Circuit.

Argued May 25, 1956.

Decided June 14, 1956.

---

Mr. Edward Gallagher, Washington, D. C. (appointed by this court) for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. Leo A. Rover, U. S. Atty. at the time record was filed, also entered an appearance for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant was indicted, tried and convicted on two counts of an indictment charging assault with intent to commit carnal knowledge and assault with a dangerous weapon. On May 7, 1954, he was duly sentenced and a motion to modify sentence denied on June 18, 1954. Thereafter, on August 24, 1955, appellant filed a motion under 28 U.S.C. § 2255, claiming that the judgment should be set aside for denial of constitutional rights, it being urged that the conviction was the direct result of an unlawful and unreasonable search and seizure.

The record discloses that, in his § 2255 motion, appellant for the first time attempted to question the legality of the search and seizure. No motion to suppress was made either before or during the trial, nor was there an appeal from his conviction on this or any other point.

The District Court denied appellant's motion under § 2255, and he appeals. Later, on March 5, 1956, the trial court entered an order holding that since no motion to suppress evidence had been filed prior to the trial, and no point raised during the trial as to the legality of the search and seizure, the question was raised too late, and that legality of a search and seizure cannot be raised by motion after trial under the above cited section of the United States Code.

Appellant cites United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248, as authority for the proposition that the point raised here is a constitutional one that may be raised in a § 2255 proceeding. But Morgan does not apply because the instant case involves only the admission of evidence.

While it is true that the Fourth Amendment provides that the right of the people to be secure in their persons, homes, papers, and effects against unreasonable searches and seizures shall not be violated, it is also true that, to preserve their rights under this amendment, persons claiming its benefit must at least seasonably object to the production of the fruits of the unreasonable search and seizure. Segurola v. United States, 1927, 275 U.S. 106, 48 S.Ct. 77, 72 L.Ed. 186.

That a failure to use a known remedy at the time of trial may be a bar to subsequent reliance on the defaulted right is a principle too well established to require citation but we refer on this point to 58 A.L.R. 1286.

In Barber v. United States, 10 Cir., 1952, 197 F.2d 815, the Court, in a § 2255 proceeding, held that any error involving evidence taken as the result of an illegal seizure could only be challenged on appeal "and may not be raised for the first time by a proceeding under § 2255." See cases there cited.

In Davis v. United States, 7 Cir., 1954, 214 F.2d 594, 596, appellant had filed a § 2255 proceeding. Appellant's motion

to set aside his conviction and sentence alleged, among other things, that the arresting officers procured evidence against him by means of and through illegal search and seizure. The court, in dismissing the appeal, stated:

"It is settled law that a motion for vacation of a judgment and sentence under 28 U.S.C. § 2255 cannot be used in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights, including such as are complained of in appellant's allegations. [Citing cases]."

See also United States v. Sturm, 7 Cir., 180 F.2d 413, certiorari denied, 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L. Ed. 1388.

Affirmed.