**Roland HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12939.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 14, 1956.

Decided June 22, 1956.

Mr. William Bogen, Washington, D. C. (appointed by this Court) for appellant.

Mr. E. Tillman Stirling, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Riley Casey, Asst. U. S. Attys., were on the brief, for appellee. Mr. Leo A. Rover, U. S. Atty., at the time record was filed, also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In the first count of an indictment Roland Hall was accused of assault with intent to have carnal knowledge of his six-year-old granddaughter, and in a second count he was charged with taking indecent liberties with the child. At the conclusion of the Government's evidence, his motion for a directed verdict was granted as to the first count, but was denied as to the second, under which the jury then found him guilty. A month later his motion for a new trial was heard and denied and sentence was imposed. Hall did not appeal.

Some 60 days after sentence, he filed a motion under 28 U.S.C. § 2255 to vacate the judgment of conviction and to set aside the sentence, alleging numerous grounds which may be summarized as assertions that the Government knowingly used perjured testimony, that the evidence was insufficient to support the verdict, and that his court-appointed counsel did not effectively assist him. With the notation "No substantial question of law," and without a hearing, the trial judge denied the motion to vacate. This appeal is from the order of denial.

Section 2255 requires the District Court to grant a prompt hearing on a motion to vacate filed thereunder "[u]nless

the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *." We must therefore examine the motion and the remainder of the record to reach a conclusion as to whether the District Court erred.

■ 1. In considering the testimony attacked as perjurious, it is necessary briefly to review the facts which led to it and with which it dealt. Hall's daughter Mary, the mother of the child, testified that she and her mother (Georgianna Hall) returned to her parents' home about 9:00 p. m. March 11, 1955; that her mother then discovered Hall and his grandchild Kathleen in a bedroom in circumstances which indicated to her he had committed the criminal offense of which he was later convicted. The witness did not enter the room but heard her mother's exclamation of shock at what she had seen. Mary said the little girl immediately told her the sordid story, after which she and the grandmother took Kathleen to No. 4 precinct and complained to the police. Detective Yuter arrested Hall about 10:00 p. m. and took him to the precinct, where the child and the grandmother, in Hall's presence, told him what had happened. As the appellant had been drinking, although according to the detective he was not drunk, Yuter had Kathleen repeat the story the next morning in his presence.

At the trial the detective testified as to what the child and the grandmother had said. This is the testimony used by the Government which the appellant says was perjured. Yuter's testimony was substantially supported by that of the child's mother, which was given at the trial after she had allegedly asked that the charge be withdrawn. Although Georgianna had made the complaint, at the trial she claimed the privilege not to testify against her husband. Hall testified but did not deny the statements made by the witness Yuter. The charge

of perjury against the latter seems to have been based on affidavits which were later executed by Georgianna and Mary and attached to appellant's motion, in which they attempted to recant by saying they knew Hall was innocent. The affidavit of Hall's wife did not contradict Yuter and his daughter's merely said "that upon information and belief affiant states that the testimony of the police officers [1] who testified against the defendant at his trial was false and perjured or the result of distorted imagination, adduced for the ultimate motive of aggrandizement of their own careers * * *." The record shows, we think, that the charge of perjury against the detective was wholly unfounded.

■ 2. Whether the evidence was sufficient to support the judgment of conviction is a question which cannot be raised by a motion to vacate under § 2255. Such a motion may not be used in lieu of an appeal. White v. United States, 1956, 98 U.S.App.D.C. ——, 235 F. 2d 221; Hanley v. United States, 1955, 95 U.S.App.D.C. 400, 222 F.2d 566. The trial judge correctly disregarded the allegation that the evidence was insufficient.

■ 3. Appellant alleged his counsel did not properly confer with and advise him, did not properly prepare his defense, did not call witnesses in his behalf, and did not properly represent him at every stage of the proceeding. It may well be doubted whether these conclusions, unsupported by specific factual allegations as to how counsel had been ineffective, raised an issue for the court's consideration.[2] But the trial judge's memorandum showed he decided that the motion's lack of merit conclusively appeared from the record. The judge had observed and therefore could appraise counsel's conduct of the trial, which of course reflected the adequacy of counsel's preparation for defense. The evidence showed there were no witnesses who could have been

---

1. Only one police officer testified.

2. Cf. Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45; Diggs v. Welch, 1945, 80 U.S.App.D.C. 5, 148 F. 2d 667.

called to testify on any subject except appellant's character and reputation. On those subjects, no witness could have been effective for the appellant in view of his long record of arrests and convictions. The judge was convinced from his own observation of the trial that Hall had not been without the effective assistance of counsel which was guaranteed to him by the Sixth Amendment and had not been deprived of the due process guaranteed by the Fifth Amendment. We think the record supports the court's conclusion. Thomas J. Ahern, Sr., who acted for appellant under appointment, is a capable, experienced trial attorney. Our review of the record convinces us that he acted vigorously and effectively, particularly in view of the fact that he obtained an acquittal under the first count.

We hold that the motion and the files and records in the case conclusively showed that the prisoner was entitled to no relief.

Affirmed.