William W. **HARLEY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 13563.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1957.

Decided Jan. 31, 1957.

Writ of Certiorari Denied May 20, 1957.
See 77 S.Ct. 1051.

Mr. Alfred L. Scanlan, Washington, D. C. (appointed by this Court) for appellant.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

**PER CURIAM.**

Appellant was indicted in March, 1950, for first degree murder and in May, 1950, was tried and was convicted by a jury of second degree murder. No appeal was taken. In February, 1956, appellant filed a motion to vacate and set aside the sentence, pursuant to Section 2255, Title 28, United States Code. The District Court denied the motion. Harley applied to this court for leave to proceed on appeal in *forma pauperis*, and this court denied the motion, partly upon the ground that petitioner had not shown that a substantial question was involved. The order of this court was without prejudice to the filing of another petition. Harley thereupon filed a second petition, which was denied for failure to show any facts indicating a substantial question. He then filed a third petition, which was allowed. The appeal now before us is from the order of the District Court denying the motion under Section 2255 without hearing upon the basis of the showing in the record viewed in the light of the allegations in the motion.

■■ The point now urged is that appellant was represented ineffectively by counsel at his trial. He was represented by an able and experienced attorney, well known at the bar for his competence and retained by appellant's family and friends. Examination of the record shows conclusively the diligence and skill with which the defense was conducted.

It is urged that failure of the court to appoint counsel promptly prevented effective assistance of counsel. Appellant, arrested and charged on February 10, 1950, was arraigned on March 10, 1950; the court appointed counsel on March 27, 1950. Thereafter, on May 4, 1950, appellant's family retained counsel of their own choice. The trial began on May 23, 1950. No continuance was requested. In a first degree murder indictment delay in the appointment of counsel is, of course, a matter of concern to this court, but our examination of this record satis-

fies us that no prejudice to the accused resulted.

The motion under Section 2255 was properly denied by the District Court.[1]

Affirmed.

1. United States v. Wight, 176 F.2d 376 (2d Cir.,1949), certiorari denied 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950); Adams v. United States, 95 U.S.App.D.C. 354, 222 F.2d 45 (D.C.Cir.,1955). See also United States v. Pisciotta, 199 F. 2d 603 (2 Cir., 1952); cf. Birtch v. United States, 173 F.2d 316 (4 Cir., 1949), certiorari denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747 (1949).