Anthony M. ACCARDO, Appellant,

v.

UNITED STATES of America, Appellee.

No. 13596.

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1957.

Decided May 29, 1957.

Petition for Rehearing Denied Aug. 30, 1957.

Mr. Robert J. Stanford, Washington, D. C., with whom Mr. Ernest C. Raskauskas, Washington, D. C. (both appointed by this Court), were on the brief, for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Joel D. Blackwell and Nathan J. Paulson, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BASTIAN, Circuit Judges.

DANAHER, Circuit Judge.

Appellant filed a pre-trial motion to suppress evidence which, after hearing, was denied, whereupon certain seized articles were received in evidence at the trial, and appellant was convicted. His appeal attacks the ruling of the District Judge in denying his motion to suppress.

Appellant claims standing as "a person aggrieved by an unlawful search and seizure" within the meaning of Rule 41

(e), Fed.R.Crim.P., 18 U.S.C.A. The indictment had charged in a first count that Accardo and one Rigby entered the dwelling of Jane M. Bauman and Paul R. Bauman with intent to steal, and in a second count, that Accardo and Rigby stole property of the Baumans and of one Maude J. Davis. The third and fourth counts dealt with similar entry into the store of one Lewis and with the theft of his property.[1] The evidence shows that on June 27, 1956, Special Agents of the Federal Bureau of Investigation arrested Accardo on a warrant charging him with unlawful flight to avoid prosecution for an offense committed in Alabama.

Appellant's counsel in his statement of the case tells us that appellant was told by F.B.I. Agent Busher that he was being arrested as an escapee from Alabama; that Agent Busher and Agent Nau questioned appellant as to where he was staying; that appellant told them he had no definite address but had been staying at the Rigby apartment at 1855 Calvert Street, Northwest, for several days and that he was staying there at the time of his arrest; that Agent Busher then directed Agent Nau and another Agent to go upstairs and pick up Accardo's property; that permission was never asked of the appellant to pick up his things and at no time did he consent to this search.

The Agents identified themselves to Mrs. Rigby at whose apartment appellant had said he had been staying. She pointed out two suitcases as the property of Accardo. The suitcases were taken to the F.B.I. offices where they were found to contain certain property, itemized in the second count of the indictment, as having been stolen from the Baumans. The second count also described a valuable ring, worn by Accardo at the time of his arrest, which was later found to be the property of Mrs. Davis. Accardo *expressly disclaimed* an interest in the property described in the second count.

Accardo testified that he "was not living" at the Rigby apartment, that he had "stayed there on occasions once or twice" but had paid no rent.

His counsel took the position that since the two suitcases found in the Rigby apartment were Accardo's property, he thus acquired standing to suppress the use in evidence against him of the stolen goods which they contained. He argued " * * * whereas he is making a motion to suppress evidence he is asked to claim ownership, where it is necessary for him to claim ownership of the goods and that at the trial, in order to be vindicated, had to deny any interest in connection with the goods. In that case he is placed in the middle."

The prosecutor, asked as to the Government's position, relied upon Connolly v. Medalie, 2d Cir.1932, 58 F.2d 629, 630, from which he read two or three sentences thus:

> "Men may wince at admitting that they were the owners, or in possession, of contraband property; may wish at once to secure the remedies of a possessor, and avoid the perils of the part; but equivocation will not serve. If they come as victims, they must take on that role, with enough detail to cast them without question. The petitioners at bar shrank from that predicament; but they were obliged to choose one horn of the dilemma."

Metropolitan police upon learning of the arrest by the F.B.I. Agents, procured a search warrant on the authority of which they seized Mrs. Davis' ring which had been turned over to the property clerk at police headquarters.

After citing and analyzing several cases we said in Jeffers v. United States [2]:

> "We believe the correct rule to be that one who seasonably objects to the use in evidence against him *of*

---

1. Found guilty on all counts, Accardo was sentenced to serve concurrent terms of three to nine years.

2. 1950, 88 U.S.App.D.C. 58, 61–62, 187 F.2d 498, 501–502, affirmed 1951, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59.

*property he owns* which has been seized as the fruit of an unlawful search or otherwise in violation of the Fourth Amendment is entitled to its exclusion though the premises searched were not his." (Emphasis supplied.)

Clearly, exclusion of evidence seized under the circumstances described here may be permitted only to one who claims ownership in or right to possession of the property seized.[3]

Moreover, we have expressly held that one who is merely a guest in an apartment said to have been illegally entered and in which no interest is claimed, lacks the requisite standing. "Since the appellant's personal rights were not violated, she has no standing to contend the entry and subsequent seizure were unlawful. [Citing cases]."[4]

The appellant clearly lacks standing entitling him to an exclusion of the stolen property seized by the F.B.I. Agents on June 27, 1956, and the stolen ring seized by the Metropolitan police under the search warrant.

It becomes unnecessary for us to consider whether or not yet other stolen property seized the following day by Metropolitan police should have been excluded, for the sentence received upon the counts which depended upon the evidence seized as we have described, ran concurrently with the sentences imposed upon the remaining counts. We need go no farther.[5]

Affirmed.

3. Washington v. United States, 1953, 92 U.S.App.D.C. 31, 202 F.2d 214, certiorari denied, 1953, 345 U.S. 956, 73 S.Ct. 938, 97 L.Ed. 1377; Gorland v. United States, 1952, 91 U.S.App.D.C. 90, 197 F.2d 685.

4. Gaskins v. United States, 1955, 95 U.S. App.D.C. 34, 35, 218 F.2d 47, 48.

5. Keyoshi Hirabayashi v. United States, 1943, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774; Monroe v. United States, 1956, 98 U.S.App.D.C. 228, 231, 234 F.2d 49, 52.