**Grant T. MARTIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13686.**

United States Court of Appeals District of Columbia Circuit.

Argued June 4, 1957.

Decided Oct. 3, 1957.

Messrs. John A. Shorter, Jr., and J. Leon Williams, Washington, D. C., for appellant. Grant T. Martin, appellant, filed a brief pro se.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, WASHINGTON and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from a denial by the District Court of appellant's motion to vacate sentence under 28 U.S.C. § 2255 (1952).

Appellant is now serving a term of imprisonment for violations of the narcotics laws. 21 U.S.C. § 174 (1952), 26 U.S.C. § 4704(a), § 4705(a), § 7237(a) (Supp. IV, 1957). He took no appeal from the judgment of conviction. His first claim of error here, as presented by his counsel, is that he was denied a hearing on his allegation—contained in his petition under Section 2255 —that he did not receive the effective assistance of counsel at his trial, in that he asked his then attorney to make a motion to suppress certain evidence (narcotics) seized in his house, and the attorney refused. We think this allegation insufficient to require a hearing. Trial counsel may have decided that to make such a motion would have admitted appellant's ownership or possession of the narcotics. See Accardo v. United States, 1957, 101 U.S.App.D.C. ——, 247 F.2d 568. Or he may have thought that the seizure was proper and that the motion would properly have been denied. Where it does not appear that the motion could have had a significant effect upon the outcome of the trial, it seems fruitless to conduct an investigation of what counsel did or did not have in mind when he declined to make the motion. If such a motion had been made and denied by the District Court, the propriety of the denial could not now be examined in a proceeding under Section 2255. See White v. United States, 1956, 98 U.S.App. D.C. 274, 235 F.2d 221, and cases cited. Here, counsel was retained by appellant himself and represented him through the period of many months which elapsed between his arrest and the end of the trial. Appellant now complains of a failure to act on a particular subject— a failure which was counsel's deliberate choice. Under all the circumstances here, we see no useful purpose in the holding of a hearing on the point appellant urges. Cf. Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45; United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.[1]

---

1. In Jordan v. United States, 1956, 98 U.S. App.D.C. 160, 233 F.2d 362, we held that the District Court acted properly in not holding a hearing on a petition filed under Section 2255, the petition having contained a number of allegations, as described in our opinion, including one charging ineffective representation by

■■ The second point urged on oral argument is that appellant could not properly be convicted on both Count 3 and Count 5 of the indictment and receive consecutive sentences therefor, since—it is argued—those counts charge but a single offense. For present purposes we will assume, without deciding, that Section 2255 authorizes us to examine appellant's allegations with respect to Counts 3 and 5, even though he is not now serving the sentence imposed as to the latter count.[2] We turn, then, to the question whether these counts of the indictment charge two offenses or only one. The rule is that "an indictment, the sufficiency of which is not questioned on the trial, will not be held insufficient on a motion to vacate the judgment entered thereon unless it is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had."

Pifer v. United States, 4 Cir., 1946, 158 F.2d 867, 868, certiorari denied, 1947, 329 U.S. 815, 67 S.Ct. 636, 91 L.Ed. 695.[3] In this case an examination of the indictment shows nothing—save similarity of chemical composition and identity of the dates of the offenses—which would indicate that these counts related to the same lot of narcotics; rather the indictment indicates that there were two different lots.[4] And it is neither suggested nor shown that the Government divided a single quantity of narcotics in order to multiply the offenses charged against appellant. Cf. Mathis v. United States, 6 Cir., 1952, 200 F.2d 697. Had the error now claimed been presented to the District Court at trial, and been properly preserved for review on direct appeal, we would have been able to examine the evidence to determine whether the Government had, in fact, proved two offenses. But we cannot conclude, view-

counsel. A petition for certiorari was filed, raising the sole ground that a hearing should have been held on the question whether petitioner had received a speedy trial. The Supreme Court granted the petition. Without opinion, it vacated the judgment and "remanded to the District Court for consideration on the merits." 1956, 352 U.S. 904, 77 S.Ct. 151, 1 L.Ed.2d 114. We do not think that the Supreme Court reversed any holding of this court other than that relative to the issue of speedy trial, the sole matter brought to its attention.

2. Cf. McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238; Crow v. United States, 9 Cir., 1950, 186 F.2d 704. On October 26, 1956, when appellant filed the instant motion to vacate sentence, he had not yet begun to serve his sentence on Count 5. He had been sentenced on December 23, 1955, on four counts (numbered 1, 2, 3 and 5 in the indictment). He received concurrent sentences of 20 months to 5 years on each of Counts 1, 2 and 3. The sentence imposed on Count 5 was 8 months to 2 years, to take effect at the expiration of the sentences imposed on Counts 1, 2, and 3. We note that if appellant were successful in attacking Count 3, he might nevertheless have to serve the remainder of the concurrent sentences imposed on Counts 1 and 2, and then serve the consecutive sentence imposed on Count 5. Cf. Oughton v. United States, 9 Cir., 1954, 215 F.2d 578.

3. See also Lucas v. United States, 4 Cir., 1946, 158 F.2d 865, certiorari denied 1947, 330 U.S. 841, 67 S.Ct. 977, 91 L. Ed. 1287; Barnes v. United States, 8 Cir., 1952, 197 F.2d 271; Keto v. United States, 8 Cir., 1951, 189 F.2d 247; Rowley v. United States, 8 Cir., 1951, 191 F. 2d 949.

4. Count 3 reads:
"On or about March 29, 1955, within the District of Columbia, Grant T. Martin facilitated the concealment and sale of a narcotic drug, that is, 100 capsules containing a mixture totaling about 97.2 grains of heroin hydrochloride, quinine hydrochloride and sucaryl, after the said heroin hydrochloride had been imported, with the knowledge of Grant T. Martin, into the United States contrary to law. This is the same heroin hydrochloride which is mentioned in the first and second counts of this indictment."
Count 5 reads:
"On or about March 29, 1955, within the District of Columbia, Grant T. Martin facilitated the concealment and sale of a narcotic drug, that is, one bag containing a mixture totaling about 299.6 grains of heroin hydrochloride, quinine hydrochloride and sucaryl, after the said heroin hydrochloride had been imported, with the knowledge of Grant T. Martin, into the United States contrary to law. This is the same heroin hydrochloride which is mentioned in the fourth count of this indictment."

ing the petition in the most favorable light, that the sentences imposed were in "excess of the maximum authorized by law," cf. Gore v. United States, 1957, 100 U.S.App.D.C. 315, 244 F.2d 763, or that appellant's constitutional rights were violated. Relief under Section 2255 is thus not available.

We have considered the additional points raised in appellant's brief, filed *pro se,* and find nothing to change the conclusion above stated.

The order of the District Court will therefore be

Affirmed.