Bernard JONES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 14156.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 17, 1957.

Decided May 1, 1958.

Mr. Bennett Boskey, Washington, D. C. (appointed by this Court) for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Harold D. Rhynedance, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, FAHY and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

In 1952 appellant pleaded guilty to a charge of selling narcotics. A second charge of possessing narcotics was dropped, and the trial court imposed a sentence of eight months to two years imprisonment. This sentence was served in full. Subsequently, in December, 1955, a six-count indictment charging violation of narcotics laws was brought against appellant, and he pleaded guilty to the counts involving sale. The United States Attorney, pursuant to an act of November 2, 1951,[1] informed the trial court that appellant was a second offender. Thereupon sentences of three to nine years and two to six years were imposed, to run consecutively. In 1957 appellant filed a motion to vacate the 1952 conviction. In the motion he alleged an illegal arrest, an illegal search and seizure, and ineffective assistance of counsel. The trial court denied the motion without a hearing.

Treating the motion to vacate, made under Section 2255, Title 28, United States Code, as a motion for a writ of error *coram nobis,* we find appellant was not entitled to a hearing. In United States v. Morgan[2] the Supreme Court held that under the all-writs section of the Code[3] a federal district court has jurisdiction to issue a writ of error *coram nobis.* The Court affirmed reversal of the trial court in that case, stating: "Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court."[4]

The ground for the motion in that case was, as indicated, failure to furnish counsel to the petitioner. The Court said:

"The trial record apparently shows Morgan was without counsel. * * * He alleges he was nineteen, without knowledge of law and not advised as to his rights. The record is barren of the reasons that brought about a trial without legal representation for the accused. As the plea was 'guilty' no details of the hearing appear. * * * In this state of the record we cannot know the facts and thus we must rely on respondent's allegations."[5]

Thus in the Morgan case relief was granted where the record, so far as presented, sustained petitioner's allegation that, there being no waiver, he was nevertheless not afforded counsel. We assume, without deciding, that the right to a hearing on a petition for *coram*

1. Sec. 2, 65 Stat. 768.

2. 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).

3. 28 U.S.C. § 1651(a).

4. Id., 346 U.S. at page 512, 74 S.Ct. at page 253.

5. Id., 346 U.S. at pages 511–512, 74 S.Ct. at pages 252–253.

*nobis* is the same as the right on the motion under Section 2255.[6]

 Illegal arrest and illegal search and seizure cannot be raised by petition for a writ of *coram nobis* any more than those points can be raised under Section 2255. This appellant had counsel, appointed by the court and present at the plea and at the sentencing. To sustain his allegation of incompetence on the part of his attorney, it is necessary that appellant allege facts which substantiate his claim.[7] He alleges no facts except that his attorney failed to make a motion to suppress the narcotics as evidence. This lone fact is not sufficient to require a hearing.[8]

Affirmed.

FAHY, Circuit Judge (concurring specially).

I agree that the motion to vacate should be treated as a motion for a writ of error *coram nobis*, and that the District Court has jurisdiction to issue such a writ.[1] It is my view also that, as the court assumes without deciding, the right to a hearing on a petition for *coram nobis* is the same as on a motion under section 2255.

The question then is whether, in the language of section 2255,

"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * * *."

Unless they do conclusively so show, section 2255 provides that the court shall cause notice to be served upon the United States Attorney, and, to revert to the words of the statute, shall

"grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

Were it not for the decisions of this court in Martin v. United States, 101 U.S.App.D.C. 329, 248 F.2d 651, and Wilkins v. United States, 103 U.S.App. D.C. 322, 258 F.2d 416, in the latter of which Chief Judge Edgerton dissented, I would reverse and remand to the District Court with instructions to grant a hearing and to follow through the procedures prescribed by section 2255 with respect to petitioner's allegations of ineffective assistance of counsel. I concur in affirmatnce solely because I am unable to distinguish the Martin and Wilkins cases on the question of the sufficiency of the allegations to require a hearing in the District Court.

---

6. See Id., 346 U.S. at pages 505–506 note 4, 74 S.Ct. at page 249.

7. Wilkins v. United States, 103 U.S.App. D.C. 322, 258 F.2d 416 (D.C.Cir., Apr. 10, 1958); Martin v. United States, 101 U.S.App.D.C. 329, 248 F.2d 651 (D.C. Cir.1957).

8. Ibid.

1. In addition to United States v. Morgan, cited by the court, reference may also be made to Farnsworth v. United States, 98 U.S.App.D.C. 59, 232 F.2d 59.