**Joseph E. WILKINS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13850.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 10, 1957.

Decided April 10, 1958.

Petition for Rehearing In Banc Denied May 21, 1958.

Mr. Sidney S. Sachs, Washington, D. C. (appointed by this Court), with whom Messrs. Lewis Jacobs and Julius Poms, Washington, D. C., were on the brief, for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted for violation of the narcotics laws. At trial he withdrew his original plea of not guilty and entered a plea of guilty to two counts of a seven-count indictment. These two counts involved the sale, and the remaining counts the possession, of narcotics. Appellant was sentenced on June 18, 1954. Two and a half years later, on February 13, 1957, he filed a motion to vacate sentence pursuant to Section 2255, Title 28, of the United States Code, alleging that through "subterfuge" of dilatory and ineffective counsel he had been induced to plead guilty, even though the facts established an illegal arrest and an illegal search and seizure. The trial judge denied the motion without a hearing. We are now to determine whether appellant was entitled to a hearing on his motion.

The legality of the arrest, as we shall see in a moment, is immaterial, as it was not the basis for the search. It is established that a search and seizure may not be attacked under Section 2255.[1]

1. Martin v. United States, 101 U.S.App. D.C. 329, 248 F.2d 651 (D.C.Cir.1957); Adams v. United States, 95 U.S.App.D.C. 354, 355, 222 F.2d 45 (D.C.Cir.1955); White v. United States, 98 U.S.App.D.C. 274, 235 F.2d 221 (D.C.Cir.1956).

The thrust of appellant's motion, however, is that he was denied the effective assistance of counsel, in that his trial counsel knew of the alleged illegal search and seizure but nevertheless induced him to plead guilty. The allegation of "subterfuge" is directed to what appellant now, two and a half years after conviction, conceives to have been poor legal advice. The allegation is postured in no other factual background.

It appears from the record that a valid search warrant had been issued for the premises where appellant was apprehended and arrested, and the return on the warrant showed the seizure of narcotics and equipment. Further, as trial counsel was undoubtedly aware, if a motion to suppress had been made, appellant would have had to admit possession of the narcotics. The fact that five of the seven counts were dropped indicated that counsel's advice was not wholly without benefit to appellant.

Where a petitioner fails utterly to substantiate with facts his bare allegation of "subterfuge", this court will not order a hearing on a motion under Section 2255. Judge Washington, writing for this court in Martin v. United States,[2] said:

"Appellant is now serving a term of imprisonment for violations of the narcotics laws. 21 U.S.C. § 174 (1952), 26 U.S.C § 4704(a), § 4705 (a), § 7237(a) (Supp. IV, 1957). He took no appeal from the judgment of conviction. His first claim of error here, as presented by his counsel, is that he was denied a hearing on his allegation—contained in his petition under Section 2255—that he did not receive the effective assistance of counsel at his trial, in that he asked his then attorney to make a motion to suppress certain evidence (narcotics) seized in his house, and the attorney refused. We think this allegation insufficient to require a hearing. Trial counsel may have decided that to make such a motion would have admitted appellant's ownership or possession of the narcotics. See Accardo v. United States, 1957, 101 U.S.App.D.C. 162, 247 F.2d 568. Or he may have thought that the seizure was proper and that the motion would properly have been denied. Where it does not appear that the motion could have had a significant effect upon the outcome of the trial, it seems fruitless to conduct an investigation of what counsel did or did not have in mind when he declined to make the motion. If such a motion had been made and denied by the District Court, the propriety of the denial could not now be examined in a proceeding under Section 2255. See White v. United States, 1956, 98 U.S.App.D.C. 274, 235 F.2d 221, and cases cited."

The order of the District Court is

Affirmed.

EDGERTON, Chief Judge (dissenting).

I think there should be a hearing on appellant's allegations regarding ineffective assistance of counsel.

Although a valid search warrant had been issued for the premises where appellant was arrested and the return on the warrant showed the seizure of narcotics and equipment, it did not show that the narcotics here in question were seized on the premises in question. Appellant says some of them were seized, without warrant, on other premises. He says the only article taken from him personally was a set of keys.

Suppression of these narcotics as evidence might not, but also it might, have materially affected the Government's case. This distinguishes Martin v. United States, 101 U.S.App.D.C. 329, 330, 248 F.2d 651, 652, in which we said: "Where it does not appear that the mo-

---

2. 101 U.S.App.D.C. 329, 330, 248 F.2d 651, 652 (1957).

tion *could have* had a significant effect upon the outcome of the trial, it seems fruitless to conduct an investigation of what counsel did or did not have in mind when he declined to make the motion." (Emphasis added.)

It is doubtless true that if a motion to suppress had been made, appellant would have had to admit possession of the narcotics. But this admission, which might have established his possession for the purpose of his motion, could not, I think, have been used as evidence for the purpose of proving his guilt. We would be keeping the word of promise to the ear and breaking it to the hope if we held that, although drugs illegally seized from his possession cannot be put in evidence against him, a statement that they were in his possession when they were seized, which he must make in order to prevent them from being put in evidence, can be used to convict him. In the words of the Eighth Circuit, this "would render the constitutional guaranties sonorous but impotent phrases." Safarik v. United States, 62 F.2d 892, 897. Cf. Fowler v. United States, 10 Cir., 239 F.2d 93.