**James E. GRIFFIN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13779.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 15, 1957.

Decided March 20, 1958.

Writ of Certiorari Denied June 16, 1958. See 78 S.Ct. 1363.

Mr. Francis L. Casey, Jr., Washington, D. C. (appointed by this Court) for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Mr. Oliver Gasch, U. S. Atty., and Messrs. Lewis Carroll and Joseph A. Lowther, Asst. U. S. Attys., were on the brief, for appellee. Mr. E. Tillman Stirling, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, WILBUR K. MILLER, and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried before a jury, and convicted on eight counts for violation of the narcotics laws. The first three counts related to a transaction on August 18, 1955, in which Griffin was alleged to have sold heroin to a James W. Vailes, a police officer working undercover. The other counts related to a transaction on September 24, 1955, in which Griffin was alleged to have sold heroin to one Nancy Harris, an informant. Griffin was represented by experi-

enced trial counsel at his first presentment to the United States Commissioner and thereafter through the District Court. He did not appeal.

Counsel moved, prior to trial, to suppress as evidence the five-dollar bill allegedly marked and used in the sale to Nancy Harris. The motion was heard, evidence taken, and the motion denied. The motion was renewed at trial and again was denied.

Ten months after he was sentenced appellant *pro se* filed a motion under Section 2255, Title 28, of the United States Code. The trial court denied the motion, without hearing, and granted leave to proceed on appeal *in forma pauperis*. This court appointed counsel.

Appellant alleges as grounds for his Section 2255 motion (a) error in law in the denial of the motion to suppress and (b) perjured testimony in four respects: (1) A false statement was made by a police officer in the original complaint; (2) one officer testified at the trial that he swore to the complaint, whereas in fact his brother officer was the affiant; (3) Nancy Harris was "coerced, pressured, and intimidated to testify falsely"; and (4) the grand jury received perjured testimony. He alleged that "it must be assumed that the Government planned, or at all events, ratified the whole performance."

■ The denial of a motion to suppress will not be examined in a proceeding under Section 2255. White v. United States (and cases cited),[1] cited with approval in Martin v. United States.[2] And, in any event, our review of the record indicates that the arrest and the search and seizure were legal and proper.

■■ No allegation is made that the prosecutor knew of, or wilfully used, any perjured testimony, and this lack of allegation is sufficient to support the denial of the motion under Section 2255.[3] Moreover we must assume that the judge who acted upon this motion, and who had also been the trial judge, considered the record.[4] We also have looked at the record, in so far as it is reproduced in the joint appendix. Appellant alleged only conclusions, no specific facts. Three of the charges of perjury ((1), (2) and (4) above) are obviously immaterial. The fourth, relating to Nancy Harris, is a bare conclusion, and her testimony was corroborated in all respects except the actual transfer of the heroin for the money. She was searched, was given the marked money, went into the house under observation, returned in five minutes with heroin and without the money, and gave the officer the name of the seller. The officers entered the house, saw the named seller, who was known to one of them, and this person had the marked bill in his pocket. The allegation of perjury on the part of Nancy Harris lacks the specificity required for a valid allegation of this sort and also lacks the required element of knowledge on the part of the prosecutor. It therefore does not present an issue for consideration under Section 2255.

Affirmed.

BAZELON, Circuit Judge (concurring in the result).

The allegations of appellant's motion, even given the liberal construction that I think must be given to papers drafted *pro se* by a prisoner who is indigent, untutored and uncounselled, do not sufficiently present a ground for vacation of his sentence under 28 U.S.C. § 2255. The denial of his motion without a hearing was therefore proper.

1. 98 U.S.App.D.C. 274, 235 F.2d 221 (D.C.Cir.1956).

2. 101 U.S.App.D.C. 329, 248 F.2d 651 (D.C.Cir.1957).

3. Taylor v. United States, 229 F.2d 826 (8th Cir. 1956), certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956); United States v. Jakalski, 237 F.2d 503 (7th Cir. 1956), certiorari denied 353 U.S. 939, 77 S.Ct. 817, 1 L.Ed. 2d 761 (1957).

4. Adams v. United States, 95 U.S.App. D.C. 354, 355, 222 F.2d 45 (D.C.Cir. 1955).

If, having counsel, he should make a legally sufficient allegation that the prosecution knowingly employed perjured testimony at his trial, I would not be prepared to say that the "record" to which my brothers refer conclusively shows that appellant would be entitled to no relief, so that the District Court would be authorized to deny his motion without a hearing. Nor can I assume with my brothers that the record to which they refer was considered by the District Court. The trial proceedings had not been transcribed when the motion was ruled on. Moreover, the District Court did not give the indication that we have said it should give when it denies a § 2255 motion on the ground that the record shows the movant not to be entitled to relief; [1] the judge simply wrote the word "denied" across the face of the motion.

1. Adams v. United States, 95 U.S.App.D.C. 354, 355, 357, 222 F.2d 45, 48 (1955).