UNITED STATES of America,

v.

Edward HALL, Defendant.

Cr. No. 44735.

United States District Court
E. D. New York.

July 14, 1958.

Cornelius W. Wickersham, Jr., U. S. Atty., for Eastern District of New York, Brooklyn, N. Y., by Charles L. Stewart, Asst. U. S. Atty., Brooklyn, N. Y., for the United States.

BYERS, Chief Judge.

The above-named defendant brings this motion under Title 28 U.S.C. § 2255 and in support thereof "an affidavit and memorandum" have been filed by his present attorney. The hearing was held on June 16, 1958.

On January 31, 1957, the defendant was sentenced by the undersigned to a two year term, in the custody of the Attorney General, etc., pursuant to his plea of guilty to Count 1 of the three count indictment involving the forged indorsement of a U. S. check for $79.10, the uttering thereof, and its possession, the latter being the first count.

The plea was entered on January 17, 1957, when the case was called. The defendant was represented by an able and experienced lawyer of his own choice. That lawyer had advised with the defendant while he was in custody, prior to the last-mentioned date, and also then.

For reasons not now necessary to state, his attorney advised him that it would be wise to withdraw his previous plea of not guilty, and to plead guilty to the first count. A stenographic transcript of the proceedings on that occasion constitutes a part of the opposing papers.

Sentence was imposed on January 31, 1957, as stated. At that time the same attorney appeared, and addressed the court on defendant's behalf prior to the pronouncement of sentence; the transcript of what took place is likewise filed with the opposing affidavit.

The defendant had been arrested for these alleged offences on November 21, 1956, and was released on bail five days thereafter.

He was out on parole to the State Courts at the time of his arrest, and was taken into State custody as a parole vio-

Bella V. Dodd, New York City, for defendant.

lator immediately upon being released on bail pending a hearing on this charge.

His case was on for pleading on December 26, 1956, and since he was then in State custody, he was brought into this court under a habeas writ, at which time his not guilty plea was entered; on January 7, 1957, he was remanded into the custody of the U. S. Marshal because the court was informed that if he continued on bail, his State custody would be resumed and his violation of parole to the State Courts would proceed to inquiry and disposition.

Thus the custody of the U. S. Marshal began January 7, 1957, and continued until January 31. After sentence was imposed, the marshal returned the defendant to the custody from which he had been removed by the Ad Prosequendum writ above mentioned.

The violation of parole to the State Court being established, namely the commission of the Federal offence here involved, the defendant was returned to the confinement from which he had been paroled, and has not yet completed the original sentence which he was serving when he was released on parole.

The fact that he violated his State parole is the occasion for his being in State custody. Had he not done so, by committing the Federal offence, his present dilemma would not have arisen. The decision whether or not to violate the State parole rested entirely with him.

■ His major grievance is that the U. S. Marshal surrendered him to the State authorities on January 31, 1957. But since he was brought into this court on the writ which has been recited; and since judgment had been pronounced in the cause that brought him into this court, the marshal but honored the said writ when it had served its function, by returning the defendant to the custody from which he had been released for the restricted purpose for which the writ was issued.

No reason therefore appears for action by this court in any guise.

It is assumed that the marshal has lodged a detainer with the State authorities, and when the defendant shall have paid his debt to the State of New York, he will be taken into custody to serve the said sentence imposed by this court.

The argument that this court lacked the power to impose a two year sentence is contradicted by the terms of the statute under which the indictment was laid (Tit. 18 U.S.C. § 1708).

The stenographic records which have been cited refute the argument that he was induced to enter a plea of guilty to Count 1, through the mistake or misunderstanding of his lawyer concerning the legal situation that confronted the defendant, by reason of the nature of the charges against him.

The contention that this court lost its jurisdiction over the defendant when the marshal returned him to State custody, is not even plausible. In addition, I understand that a similar contention was addressed to Judge Bruchhausen in connection with an application for transfer from State to Federal custody, and denied by him on November 26, 1957.

Since the defendant has not begun to serve his Federal sentence, all matters incident thereto, such as an opportunity to apply for parole, and to be credited with good conduct deductions, will necessarily have to wait upon his Federal incarceration.

■ The foregoing are all matters of record in this court. They do not involve contested questions of fact, from which it follows that the correct disposition of this application does not call for a hearing, since it clearly appears that the defendant is not entitled to the relief he now seeks. The statute in terms permits the court to determine the motion without the production of the defendant at the hearing. Carvell v. U. S., 4 Cir., 173 F.2d 348; Hornbrook v. U. S., 5 Cir., 216 F.2d 112; Adams v. U. S., 95 U.S.App.D.C. 354, 222 F.2d 45; Burgett v. U. S., 8 Cir., 237 F.2d 247, certiorari denied 352 U.S. 1031, 77 S.Ct. 596,

1 L.Ed.2d 599; United States v. Segelman, D.C., 117 F.Supp. 507.

Motion denied in all respects.

Settle order.