Mack DEAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16125.

United States Court of Appeals Eighth Circuit.

April 10, 1959.

Rehearing Denied May 20, 1959.

Appellant pro se.

Edward L. Scheufler, U. S. Atty., and J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GARDNER, Chief Judge, VOGEL and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

The appellant, Mack Dean, was charged in an indictment with the illegal sale, possession and concealment of heroin in violation of §§ 4704(a) and 4705(a), Title 26 U.S.C.A., and § 174 of Title 21 U.S.C.A. He was tried before a jury and on July 10, 1956, was found guilty of nine counts in the indictment. Thereafter he was sentenced to a total of 15 years' imprisonment. The conviction was appealed and upon such appeal was affirmed by this court, Dean v. United States, 8 Cir., 1957, 246 F.2d 335. On September 13, 1958, appellant filed a motion pursuant to § 2255, Title 28 U.S. C.A.

■ His first contention in the instant proceedings is that the sentence should be vacated and set aside on the grounds that he did not have a fair trial in that " * * * the Government knowingly used false testimony extorted from a witness by violence, threats, etc." He names three of the government witnesses whom he claims were coerced by the government into testifying falsely against him. The District Court overruled the appellant's motion without a hearing. Judge Duncan, before whom the original trial was also held, after calling attention to the fact that practically the same questions were raised by Dean in his prior appeal, concluded that:

> "Apparently the defendant is complaining that the police officers forced their agents to work for them in making a 'buy' from the defendant, rather than forcing them to testify.

> "The evidence was adequate and sufficient upon which to base the conviction and his motion is entirely without merit, and therefore, overruled."

The appellant is now before this court reasserting the contention upon which he received an adverse ruling before Judge Duncan.

As already pointed out, practically the same question was before this court in Dean's prior appeal, wherein it was argued by Dean that the witnesses involved were addicts or narcotic law violators and that their testimony was not worthy of belief. In disposing of that feature of the appeal, Chief Judge Gardner, speak-

ing for this court, said, at page 336, of 246 F.2d:

"It is contended that the evidence was insufficient to go to the jury and, hence, the court erred in denying their motions for judgments of acquittal interposed at the close of all the testimony.

"In support of this contention it is argued that the witnesses as to the transactions involved were addicts or narcotic law violators, two of whom had records of convictions for felonies and, hence, their testimony was not credible. *It must be observed in this connection, however, that while the witnesses used were addicts and confessedly not of the best reputations, their acts were evidenced by eye witnesses whose credibility stands unquestioned.* The questions of the credibility of the witnesses and the weight to be given their testimony were, of course, questions for the jury and not questions for the court. *It is not seriously argued that the proof of the commission of the crimes as charged was insufficient but that the witnesses were not worthy of belief.* The jury having returned verdicts of guilty, we must assume that all conflicts in the evidence were resolved in favor of the government and, as we have often said, the prevailing party is entitled to the benefit of all such favorable inferences as may reasonably be drawn from the facts proven and if, when so considered, reasonable minds might reach different conclusions the issue is one of fact to be submitted to the jury and not one of law to be determined by the court." (Emphasis supplied.)

■ We have again examined the record, including a transcript of the testimony of the witnesses whom the appellant now claims in this proceeding were coerced by the government into giving false testimony. Nothing therein justifies appellant's assertion. Granted, as this court pointed out in the former appeal, the witnesses were not of the best reputations, nevertheless their acts in making the narcotic buys were evidenced by other witnesses whose credibility has not been questioned. Appellant has here produced neither affidavits nor statements from the witnesses or others, nor has he suggested that he could produce evidence of any kind which might support his bare assertion that the testimony was perjured and that the government prosecutors were aware thereof and coerced the giving of such testimony. Appellant merely makes his unsupported charge and in support thereof presents a transcript of the examination and cross examination of the witnesses, a reading of which justifies no such conclusion. The bare assertion by a convicted defendant who has already had his case reviewed on appeal, wherein his contention was that the evidence was insufficient in that it was unworthy of belief, that he was convicted on coerced and perjured testimony with nothing more is a mere *ipse dixit* and does not entitle such party to a hearing under § 2255. Judge Duncan observed and heard the witnesses in the original trial. He gave consideration to appellant's present petition, viewing that petition in the light of his knowledge as the trial judge. Considered in the light of the entire record, he concluded that the appellant had had a fair trial and that he was entitled to no relief. We are in complete accord with that holding.

■ Appellant's second assertion is, "That by the Government's failure to list the names of the material witnesses on the complaint (indictment) denied the Appellant his rights as listed in Rule 3, 4, 5 of the Federal Rules of Criminal Procedure [18 U.S.C.A.] and further violation of the 5th Amendment namely Due Process of Law."

■ The purpose of § 2255 is not served by such assertion at this late stage. In Keto v. United States, 8 Cir., 1951, 189 F.2d 247, 251, we said:

"The orderly administration of criminal justice demands that a defendant who is dissatisfied with the

form or substance of an indictment or information filed against him shall make that known to the trial court at or before the time when sentence is imposed, and shall appeal from any judgment which he contends is based upon a defective indictment or information. It would create an intolerable situation if defendants, after conviction, could defer their attacks upon indictments or informations until witnesses had disappeared, statutes of limitation had run, and those charged with the duty of prosecution had died, been replaced, or had lost interest in the cases."

See also Martin v. United States, 1957, 101 U.S.App.D.C. 329, 248 F.2d 651; United States ex rel. House v. Swope, 5 Cir., 1955, 219 F.2d 893, certiorari denied 356 U.S. 954, 78 S.Ct. 920, 2 L.Ed. 2d 847. Furthermore, § 2255 cannot be resorted to as a means of appeal. In Shobe v. United States, 8 Cir., 1955, 220 F.2d 928, 929, we said:

"It is only where a sentence is void or otherwise subject to collateral attack that Section 2255 affords a remedy, and a motion under that Section cannot function as an appeal. Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195; United States v. Jonikas, 7 Cir., 197 F.2d 675, 676; United States v. Rutkin, 3 Cir., 212 F.2d 641, 643; Pelley v. United States, 7 Cir., 214 F.2d 597, 598. The questions raised by Shobe's motions were questions reviewable only on appeal."

Cf. Kaplan v. United States, 8 Cir., 1956, 234 F.2d 345; Taylor v. United States, 8 Cir., 1956, 229 F.2d 826, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; note and numerous citations in 20 A.L.R.2d pages 987–988.

■ But even if the appellant's contention could be raised under § 2255, it is utterly without merit. There is no provision or requirement that in a non-capital case the government must furnish the defendant with the names of witnesses to be called in behalf of the prosecution. § 3432, Title 18 U.S.C.A. provides for the furnishing of a list of the witnesses in capital cases only. See Moore v. Aderhold, 10 Cir., 1939, 108 F. 2d 729; Clapp v. United States, 8 Cir., 1957, 18 F.2d 906; United States v. Palermo, D.C.1957, 21 F.R.D. 11; United States v. Haug, D.C.1957, 21 F.R.D. 22; United States v. Stein, D.C.1955, 18 F.R.D. 17; United States v. Bryson, D.C.1954, 16 F.R.D. 431, certiorari denied 355 U.S. 817, 78 S.Ct. 20, 2 L.Ed.2d 34, rehearing denied 355 U.S. 879, 78 S.Ct. 138, 2 L.Ed.2d 110.

Finding no error, this matter is in all things affirmed.