163 So.2d 305 (1964)
James Thomas WOOTEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 63-828.
District Court of Appeal of Florida. Third District.
April 21, 1964.
Rehearing Denied May 13, 1964.
Robert L. Koeppel, Public Defender, and W. Eugene Neill, Asst. Public Defender, for appellant.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., for appellee.
Before CARROLL, HORTON and HENDRY, JJ.
PER CURIAM.
This is an appeal from an order denying appellant's petition for post-conviction relief filed under Criminal Procedure Rule 1, F.S.A. Ch. 924 Appendix, while serving a sentence imposed following a conviction for robbery in September of 1962.
The contentions in the motion were that (1) the appellant "was held 11 days incommunicado before taken before a magistrate," (2) "was denied a preliminary hearing" and (3) was inadequately represented by counsel.
On our examination of the record on this matter we conclude that the able trial judge did not commit error in denying the motion. As to the ground of the motion that the appellant was held incommunicado for a period before taken before a magistrate, no harm or prejudice resulted. When arraigned, the defendant pleaded not guilty, and he was tried on that basis. See Milton v. Cochran, Fla. 1962, 147 So.2d 137. The same is true as to the ground of denial of preliminary hearing, which is not considered a critical step in the prosecution. See Baugus v. State, Fla. 1962, 141 So.2d 264, 267. Regarding the contention of absence *306 of competent counsel, we agree with the trial judge that no allegations were contained in the motion on that feature such as to require formal hearing and evidence, The respects in which it is contended the attorney's representation was inadequate are stated as conclusions without allegation of any sufficient supporting facts. Wilkins v. United States, 103 U.S.App.D.C. 322, 258 F.2d 416; Jones v. United States, 103 U.S.App.D.C. 326, 258 F.2d 420.
No reversible error having been made to appear, the order appealed from is hereby affirmed.
Affirmed.