Travis O. SPAULDING, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15527.

United States Court of Appeals
Ninth Circuit.

June 8, 1960.

Rehearing Denied July 14, 1960.

Travis O. Spaulding, in pro. per.

William T. Plummer, U. S. Atty., James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, for appellee.

Before HEALY, CHAMBERS, and KOELSCH, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction upon two counts of robbery in the District Court of Alaska, Third Judicial Division. Appellant's contentions are many; we shall discuss them in numerical form.

1. Appellant contends that by holding him in excessive bail which he was not able to meet and by denying his motion for a continuance, the trial court denied him a fair trial in violation of due process of law. Although appellant was incarcerated prior to trial and thus was inhibited from devoting his fullest energies to the preparation of his defense, his court-appointed counsel had one full week in which to prepare the case. In light of appellant's inability to show prejudice, other than a nebulous allegation that certain unamed witnesses could not be located, we think that the week's time which appellant's counsel had to prepare for trial, despite his client's inability to assist, was not so short as to be unconstitutional. See Avery v. State of Alabama, 1940, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377; Torres v. United States, 9 Cir., 1959, 270 F.2d 252.

2. Appellant contends that the trial court erred in denying his motion for a change of venue on the grounds that prejudice existed in the division in which trial was to be held. Appellant relies solely on his own affidavit and that of his attorney. We cannot say on such a slim basis that the trial court abused its discretion in ruling as it did. See United States v. Moran, 2 Cir., 236 F.2d 361, certiorari denied, 1956, 352 U.S. 909, 77 S.Ct. 148, 1 L.Ed.2d 118.

3. Appellant contends that the trial court erred in failing to dismiss court-appointed counsel. Instead of dismissing counsel, the court appointed a second attorney to help with appellant's defense. The record shows that both attorneys diligently and vigorously pursued appellant's cause and that the latter did not suffer from lack of effective legal assistance. Indeed, appellant's sole claim seems to be that his first court-appointed counsel was newly admitted to the bar. Such an allegation is hardly sufficient. See Gilpin v. United States, 6 Cir., 1958, 252 F.2d 685; Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45; United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603.

4. Appellant contends that the trial court erred in ruling that if appel-

lant would testify in his own behalf, he would have to precede all other defense witnesses to the stand since he had invoked the procedure by which witnesses are excluded from the courtroom. The trial court's ruling seems to be a sensible approach to the problem of what to do with a party who is also a witness when the exclusion of witnesses is called for in order to prevent fabrication of testimony. See 6 Wigmore, Evidence, §§ 1841, 1869 (3d ed. 1940). In any event, appellant has failed to show how he suffered prejudice by the ruling. He didn't take the stand, and we doubt that there was any causal connection between the ruling here complained of and the refusal to testify. Indeed, the only connection we can think of would be that appellant was rendered incapable of tailoring his own testimony to fit in with what previously was said by other witnesses. In the absence of prejudice, we have, if anything, a case of harmless error. See Federal Rule of Criminal Procedure 52 (a), 18 U.S.C.A.

■ 5. Appellant contends that the testimony of witness Ventura was irrelevant and was wrongfully admitted into evidence. It suffices here to say that the testimony complained of constituted an insignificant part of the government's case, and could not possibly have influenced the jury to come to an improper verdict. Its admission into evidence is again but harmless error. Federal Rule of Criminal Procedure 52(a); Lutwak v. United States, 1953, 344 U.S. 604, 619–620, 73 S.Ct. 481, 97 L.Ed. 593.

■ 6. Appellant contends that witness Laird committed perjury at appellant's trial, that the conviction is based on such perjury and therefore must be overturned. Appellant bases his contention of perjury on inconsistencies in testimony and nothing more. He has the burden of showing not only the perjury but also the knowing use of perjured evidence by the prosecution, and he has not done so. See United States v. Spadafora, 7 Cir., 1952, 200 F.2d 140; United States v. Jakalski, 7 Cir., 1956, 237 F.2d 503, certiorari denied 1957, 353 U.S. 939, 77

S.Ct. 817, 1 L.Ed.2d 761; Cobb v. Hunter, 10 Cir., 1948, 167 F.2d 888, certiorari denied 335 U.S. 832, 69 S.Ct. 19, 93 L.Ed. 385.

■ 7. Appellant contends that the testimony of witness Pearl, apparently appellant's partner in the crime of which both—Pearl pleading guilty—were convicted, was elicited by the government through the use of threats and promises in violation of appellant's right to due process of law. See Harris v. United States, 9 Cir., 1958, 261 F.2d 897, 901. Two witnesses for appellant testified that they heard the prosecuting attorney tell Pearl that if he testified against appellant, he, Pearl, would receive no sentence at all, but that if he refused to so testify, he would be sentenced to life imprisonment. Pearl, on the other hand, denied that any threats or inducements were ever put to him by government agents, and indicated that his testimony was wholly voluntary. We think Pearl's denial of improprieties constituted ample evidence that no threats or promises induced his testimony. See Horne v. United States, 5 Cir., 246 F.2d 83, certiorari denied 1957, 355 U.S. 878, 78 S.Ct. 143, 2 L.Ed.2d 109. Assuredly, the trial court did not abuse its discretion in allowing his testimony to stand. Cf. La Moore v. United States, 9 Cir., 1950, 180 F.2d 49.

■ 8. Appellant contends that the trial court erred in allowing the government to introduce evidence tending to show appellant's character for criminality. A police officer was asked by the prosecution whether he knew the defendant by "reputation or modus operandi." The answer was "I knew him"; the inference being, according to appellant, that defendant's bad reputation was known to the police. We do not think, however, that any evidence of appellant's bad reputation was brought before the jury by the question and answer above referred to nor by any other actions on the part of the prosecution. The question above was double-barrelled in that it did not necessarily call for an answer regarding appellant's character. Moreover, the question was not answered in

such a way as to put before the jury testimony of appellant's bad reputation. That a police officer knew appellant either by reputation or modus operandi does not amount to testimony of appellant's unsavory reputation in the community. In any event the error, if it be error, was harmless.

 9. Appellant contends that certain police records which he did not know about at the time of trial will serve to impeach the testimony of government witnesses and that therefore a new trial should be granted. We need not decide whether or not appellant's contentions are meritorious under Federal Rule of Criminal Procedure 33, for the motion for a new trial denied below and presently before us was not predicated upon the grounds of newly discovered evidence.

10. Appellant contends that the transcript of the record made at his trial is incomplete, even after a settlement proceeding ordered by this court had been carried out. Appellant was present at all times during this proceeding and cannot complain that he was deprived of procedural due process of law. See Chessman v. Teets, 1957, 354 U.S. 156, 162, 77 S.Ct. 1127, 1 L.Ed.2d 1253. His argument as to the accuracy of the record is not that the transcript and the stenographer's notes are at variance but rather that several things were said which were not taken down at all by the stenographer. Although appellant alleges that a number of prejudicial, unrecorded interruptions were made by the prosecuting attorney, the allegations are for the most part broad, groundless, unsubstantiated accusations, and we do not think that the lower court erred in failing to revise the transcript in accord with appellant's wishes. Upon a careful review of the record of appellant's trial, we can find but one instance in which it seems probable that a statement was made by the prosecution which was not recorded by the stenographer. For purposes of argument we shall assume that appellant's version of what was omitted is true, to-wit, that the government attorney said in effect that every time a dangerous criminal is brought to trial he complains that the police are out to frame him. While such a remark is unbecoming to a prosecuting attorney as an officer of the court, we do not think it suffices as grounds upon which to overturn appellant's conviction. We are satisfied that appellant was accorded a fair trial and that due process prevailed.

Affirmed.