Travis O. **SPAULDING**, Appellant,

v.

J. C. **TAYLOR**, Warden, U. S. Penitentiary, Appellee.

No. 7576.

United States Court of Appeals Tenth Circuit.

Sept. 1, 1964.

United States District Court for the District of Alaska and that all other causes shall be transferred to an appropriate state court. The offense of which Spaulding was convicted was not within federal jurisdiction.

■ The record shows that after statehood Spaulding petitioned the United States District Court for the District of Alaska for relief under § 2255 and it was denied on the ground that the court was without jurisdiction. Spaulding then petitioned the appropriate Superior Court of the State of Alaska which held that it was without jurisdiction. He then went to the Supreme Court of Alaska which also denied jurisdiction. In the circumstances we believe that the United States District Court for the District of Kansas correctly held that the § 2255 remedy was ineffective and that it had jurisdiction to entertain the petition for habeas corpus.

■ On the merits the trial court held that every issue raised by the petition had been determined adversely to Spaulding on the direct appeal to the Court of Appeals for the Ninth Circuit.[4] We agree. A petition for habeas corpus, like a motion under § 2255, may not be used as a substitute for an appeal;[5] and matters raised and disposed of in a direct appeal from a conviction will not be reviewed again in a collateral attack proceeding.[6] By the instant application

Sheldon F. Goldberg, Denver, Colo., for appellant.

Benjamin E. Franklin, Kansas City, Kan., for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Spaulding appeals from the trial court's denial of habeas corpus. He was convicted of a local crime in a territorial court of Alaska; and on appeal his conviction was affirmed.[1] He is now confined in Leavenworth penitentiary in Kansas.

The first question is whether he may have habeas corpus relief. The government urges that the remedy under 28 U.S.C. § 2255 is exclusive.

Spaulding was sentenced on April 15, 1955. Alaska became a state on January 3, 1959.[2] The law admitting Alaska to statehood provides in its § 15[3] that cases which were pending or determined in the territorial courts at the time of admission and which were within federal jurisdiction shall be transferred to the

---

1. Spaulding v. United States, 9 Cir., 279 F.2d 65, certiorari denied 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed.2d 107.

2. Presidential Proclamation No. 3269, 24 Fed.Reg. 81, 73 Stat. c16.

3. Act of July 7, 1958, Pub.L. 85–508, 72 Stat. 339, 349. The pertinent language is: "All causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State which are of such nature as to be within the jurisdiction of a district court of the United States shall be transferred to the United States District Court for the District of Alaska for final disposition and enforcement in the same manner as is now provided by law with reference to the judgments and decrees in existing United States dis-

trict courts. All other causes pending or determined in the District Court for the Territory of Alaska at the time of the admission of Alaska as a State shall be transferred to the appropriate State court of Alaska."

4. Spaulding v. United States, 9 Cir., 279 F.2d 65, certiorari denied 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed.2d 107.

5. See Carrillo v. United States, 10 Cir., 332 F.2d 202; Johnston v. United States, 10 Cir., 331 F.2d 997, 999.

6. Malone v. United States, 6 Cir., 257 F.2d 177, 178; Smith v. United States, 5 Cir., 265 F.2d 14, 16–17; Franano v. United States, 8 Cir., 303 F.2d 470, 472, certiorari denied 371 U.S. 865, 83 S.Ct. 125, 9 L.Ed.2d 102.

Spaulding is seeking a review of the decision of the Ninth Circuit.

Appointed counsel present a petition for a writ of Coram Vobis directing the Alaska courts to take jurisdiction of Spaulding's applications for relief. We have no power to order the United States District Court for the District of Alaska or any Alaska state court to take such jurisdiction. We are informally advised that the Alaska state courts will now take jurisdiction over post-conviction applications for relief from territorial court convictions of local offenses.

The application for a writ of Coram Vobis is denied. The judgment is affirmed.