**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Mabel GREER, Defendant-Appellant.**

**No. 80–7555**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.
Unit B

April 20, 1981.

Thomas M. Haas, J. D. Quinlivan, Jr., Mobile, Ala., for defendant-appellant.

W. A. Kimbrough, Jr., U. S. Atty., Thomas H. Figures, Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

KRAVITCH, Circuit Judge.

Appellant Mabel Greer was tried by a jury and found guilty of fifteen counts of mail fraud[1] in violation of 18 U.S.C. § 1341.[2] These violations stemmed from

---

1. The court sentenced Greer to a term of three years' imprisonment on each count, to run concurrently.

2. 18 U.S.C. § 1341 provides:
   § 1341. Frauds and swindles
   Whoever, having devised or intending to devise any scheme or artifice to defraud, or

for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be

her diversion, while bookkeeper of N. D. Cunningham & Company, Inc., of payments by company customers for her private use. Greer raises two grounds on appeal: 1) the court intimidated her "young" counsel by directing his attention to his professional responsibilities under the Alabama State Bar Code of Professional Responsibility and thus erroneously limited her right to cross-examination of the key government witness; and 2) the court erroneously refused to allow appellant's character witness to testify regarding the character of the same government witness. Both of appellant's arguments are without merit; we affirm her conviction.

The facts leading up to appellant's indictment are not relevant here. At trial, Greer defended on the ground that George Cunningham, Sr., President of the company, had proposed the fraud and threatened Greer into compliance. Through cross-examination of Cunningham, Greer's counsel sought to tarnish Cunningham's reputation by establishing that the latter had given bribes to Driscoll, a dock worker. Appellant's counsel inquired whether Cunningham knew Driscoll and the nature of his employment; the government objected to this line of questioning unless appellant's counsel made a showing of relevancy. At the side bar, defense counsel told the court his purpose—to show that Cunningham had given bribes to Driscoll. After a recess to allow the court "to look up the law," the court informed appellant's counsel of his ruling:

[The alleged bribes given by Cunningham to Driscoll are] grounds for impeachment. However, I caution counsel that under the Code of Professional Responsibility, and I pass no judgment on this because I don't know what your evidence is, but if you knowingly advance a claim that is unwarranted under existing law or you take action on behalf of your client when you know, or when it is obvious that such action would serve to merely harass or maliciously injure another, you violate your Canon of Ethics.

So, if you have a basis of [sic] what you are doing, fine. But just going off to ask questions for that purpose and that purpose alone, then I call your attention to the Code of Responsibility of the State Bar, which is 7–102.[3]

such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 763; May 24, 1949, c. 139, § 34, 63 Stat. 94.

**3.** Disciplinary Rule 7–102(A), *Code of Professional Responsibility of the Alabama State Bar, Rules of Disciplinary Enforcement*, Adopted: May 6, 1974; Effective date, October 1, 1974, as amended, states (in part):

DR 7–102 Representing a Client Within the Bounds of the Law.

A. In his representation of a client, a lawyer shall not:

1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he knows or when it is obvious that such action would serve merely to harass or maliciously injure another.

2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law.

3) Conceal or knowingly fail to disclose that which he is required by law to reveal.

4) Knowingly use perjured testimony or false evidence.

5) Knowingly make a false statement of law or fact.

6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

7) Counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent.

8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

Defense counsel inquired no further into the bribery matter.

Appellant asserts that the court's above-quoted remarks intimidated her inexperienced counsel,[4] thus improperly limiting her right to cross-examination. She cites *United States v. Summers*, 598 F.2d 450, 460 (5th Cir. 1979), which provides:

> The right of cross-examination is the primary interest secured by the Sixth Amendment's guarantee that the accused in a criminal prosecution 'shall enjoy the right ... to be confronted with the witnesses against him.' Where the witness the accused seeks to cross-examine is the 'star' government witness,[5] providing an essential link in the prosecution's case, the importance of full cross-examination ... is necessarily increased. (citations omitted; footnote supplied)

These propositions do not aid appellant, however, because one crucial fact distin-guishes her case: the trial judge did not limit cross-examination of Cunningham but merely advised appellant's counsel that the Alabama Code of Professional Responsibility might bear upon counsel's decision as to how to proceed. We have found no authority, and appellant has shown us none, restricting the court's power to advise counsel thus. Rather, "courts enjoy broad discretion ... to monitor the conduct of those who [practice before them],"[6] *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976). That discretion encompasses the relatively gentle admonition given by the court to defense counsel to heed the Alabama Disciplinary Rule in question.[7] The court made sufficiently clear that counsel's professional responsibility was to refrain only from asking questions not legally warranted[8] or for the sole purpose of harassment or malicious injury to another.

---

**4.** Appellant asserts that this was trial counsel's first jury trial and first federal case.

**5.** Appellant claims that Cunningham was the "star" government witness but has not supported this claim. Rather, the testimony of other witnesses, such as a handwriting expert who testified that appellant had endorsed various customers' checks which had not been entered in the books of such customers, who testified that she had directed that they make their checks payable to her rather than the company, and of Greer's banker, who testified that she made several large deposits in amounts and at times corresponding to the missing checks, might have been of primary importance to the jury.

**6.** This discretion, "to monitor the conduct" of counsel before the bar, is different from the discretion to limit a defendant's right of cross-examination. We are aware that " '[the trial judge's] discretionary authority to limit cross-examination comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment.' " (citation omitted) *United States v. Summers*, 598 F.2d at 460. But we think crucial the distinction between a court's outright limitation of cross-examination and its permission to proceed with a cautionary footnote to beware one's professional responsibilities. Here, counsel was permitted "sufficient cross-examination to satisfy the Sixth Amendment," but the manner in which the court proceeded in permitting such examination was within its general discretion.

**7.** The Alabama Code of Professional Responsibility was not the sole force militating the judge's advice. Fed.R.Evid. 609(a) provides, in pertinent part:

Rule 609.
IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME
(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination
. . . .

*See also United States v. Georgalis*, 631 F.2d 1199 (5th Cir. 1980) (prosecutor's violation of Rule 609 harmless error in light of strength of case against defendant, prosecution's admission of error and trial judge's instruction to jury to disregard question); *United States v. Haskell*, 327 F.2d 281, 284 (2nd Cir. 1964), *cert. denied*, 377 U.S. 945, 84 S.Ct. 1351, 12 L.Ed.2d 307 ("As a general rule ... it is grossly improper for a cross-examiner to suggest that a witness has been convicted of crimes, especially felonies, when he has no support for the question."). Although Rule 609 does not speak to suggestions that a crime has been committed but only those positing a conviction, we deem it equally improper for a cross-examiner to suggest that a witness has committed crimes when counsel has no support for the question.

**8.** The court erroneously suggested that counsel limit himself to claims warranted under existing law; DR 7–102(A)(2) allows an attorney to advance a claim or defense that "can be supported by good faith argument for an exten-

Nor does trial counsel's alleged inexperience alter the permissibility of the court's remarks. Appellant does not claim incompetent or ineffective assistance of counsel, nor does the record support such a claim. Although we have found no case involving a claim analogous to that made here—that the court intimidated an inexperienced attorney, thus depriving the accused of the sixth amendment right to a fair trial—we also have found none establishing different rules for those who are tyros at the bar.[9] We therefore conclude that counsel's alleged inexperience did not render inappropriate judicial remarks that otherwise would have been appropriate. In fact, the court's admonition may best be interpreted as its attempt to prevent a young attorney from running afoul of the Code of Professional Responsibility, with which he did not have exhaustive practical experience. That, as a result of these remarks, counsel may have mistakenly eschewed a proper line of questioning does not mean that the court impermissibly limited appellant's sixth amendment right to cross-examination given its specific injunction that the line of inquiry was permissible.

Appellant next argues that the court erroneously sustained the government's objection to appellant's inquiry, on direct examination of appellant's character witness, as to Cunningham's reputation. The question to which the objection was sustained was: "Are you familiar with Mr. Cunningham's reputation in the community?" Greer contends, offering the same authority regarding the importance of the accused's right to cross-examination cited above, that the court's ruling was reversible error. We disagree; the court's limitation of questions regarding Cunningham's general character was in accordance with Fed.R.Evid. 608(a), which provides:

## Rule 608. Evidence of Character and Conduct of Witness

(a) Opinion and reputation evidence of character. The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

The meaning of subparagraph (1) is self-explanatory. The Notes of the Advisory Committee on Proposed Rules, however, restate the rule's intent: "[T]he inquiry is strictly limited to character for veracity, rather than allowing evidence as to character generally." We have duly noted this limitation. *See United States v. Lollar*, 606 F.2d 587 (5th Cir. 1979) (defendant's decision to testify does not open door to attacks on general character); *Steele v. United States*, 243 F.2d 712 (5th Cir. 1957) (rules as to impeachment of defendant same as those for other witnesses). *See also* Weinstein's Evidence ¶ 608[01]. Since counsel's question inquired of Cunningham's reputation in the community, rather than being limited to his reputation for truthfulness and veracity, it was improper under Rule 608(a). The court correctly sustained the objection.

Accordingly, we AFFIRM.

---

sion, modification, or reversal of existing law." Appellant, however, has not claimed error here. Moreover, since the decision was left with counsel, he was responsible (and would have been even without the court's admonition) for apprising himself of his responsibilities under the Code. Error, if any, was therefore harmless.

9. Other courts have held that counsel's inexperience does not in itself render their assistance ineffective. *Spaulding v. United States*, 279 F.2d 65 (9th Cir. 1960), *cert. denied*, 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed.2d 107; *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975). Likewise, mere errors of judgment are not sufficient to establish ineffective assistance of counsel. *United States v. Hammonds*, 425 F.2d 597 (D.C.Cir.1970).