F I L E D
United States Court of Appeals
Tenth Circuit

JUN 2 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL THOMAS POPE,

    Petitioner - Appellant,

v.

J.W. BOOKER, Warden, Federal
Prison Camp, Florence, Colorado;
UNITED STATES OF AMERICA,

    Respondents - Appellees.

No. 96-1319
(D.C. No. 96- S - 666)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **EBEL**, and **KELLY**, Circuit Judges.

---

    * The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner - Appellant Michael T. Pope ("Pope") appeals the district court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## BACKGROUND

Pope is a prisoner in the United States Penitentiary, Florence, Colorado, where he is serving a sentence imposed by the United States District Court for the District of Nebraska. (Petitioner's Brief, at 2). He brought this habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, arguing that the United States District Court for the District of Nebraska lacked jurisdiction to sentence him. (Id.) The matter was referred to a magistrate judge, who ordered Pope to Show Cause why his § 2241 petition should not be dismissed in light of the availability of relief under 28 U.S.C. § 2255. (Doc #4) In his response, Pope failed to address the issue of whether

---

[1] The district court also denied Pope's request to proceed *in forma pauperis* on the grounds that Pope had failed to submit a certified copy of his trust fund account as required by 28 U.S.C. § 1915(a)(2), as amended by the Prison Litigation Reform Act ("PLRA") of 1995, Pub.L.No.104-134, Title I, § 101(a), 110 Stat. 1321-73. We have recently determined that the filing fee requirements described in § 1915(a)(2) do not apply to habeas proceedings, however. See United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). Thus, we review Pope's request for IFP status under § 1915(a)(1), which only requires that Pope submit an "affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Pope submitted such an affidavit on August 6, 1996 (Doc #16) and we therefore grant his request to proceed *in forma pauperis.*

§ 2255 relief was available, but instead indicated that he understood the show cause order to mean that his § 2241 petitioner was denied. (Doc #5)  On May 1, 1996, having found Pope's response inadequate, the magistrate recommended that Pope's petition be dismissed without prejudice so that Pope could seek relief through the sentencing court under 28 U.S.C. § 2255.  (Doc #6)  The district court accepted the magistrate's recommendation and dismissed Pope's habeas petition. (Doc #7)  Pope now appeals.[2]

## DISCUSSION

We review the district court's denial of a habeas corpus petition de novo. Bowser v. Boggs, 20 F.3d 1060, 1062 (10th Cir.), cert. denied, 115 S.Ct. 313 (1994).

---

[2] We note that 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, Title I, § 102, 110 Stat. 1217, does not require the issuance of a certificate of appealability ("COA") in this case.  Although § 2253 now requires the issuance of a COA before an appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court" and a "final order in a proceeding under section 2255," 28 U.S.C. § 2253(c)(1)(A)(B), we have held that a COA is not required where the appeal is from a final order denying a § 2241 petition.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  This is because an order denying a  § 2241 petition is neither a "final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court" nor is it a "final order in a proceeding under section 2255."  Id.

A habeas petition brought under 28 U.S.C. § 2241 challenges the execution of a sentence, rather than its validity, and it must be filed in the district where the prisoner is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (citing United States v. Scott, 803 F.3d 1095, 1096 (10th Cir. 1986)). A habeas petition brought pursuant to 28 U.S.C. § 2255 attacks the validity of detention and it must be filed in the district that imposed the sentence. Id. (citing United States v. Condit, 621 F.2d 1096, 1097 (10th Cir. 1980)). Moreover, a § 2241 petition is not an additional, alternative, or supplemental remedy to § 2255. "'The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.'" Id. (quoting Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965)).

It is clear that in this case Pope is challenging the validity of his sentence, and not its execution, because he is claiming that the United States District Court for the District of Nebraska never had jurisdiction to convict him. (Petitioner's Brief, at 2). Section 2255 expressly provides that a prisoner may move the court to vacate, set aside or correct a sentence where "the [sentencing] court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255. Thus, the proper court for Pope to have filed his petition for a writ of habeas corpus was with the United States District Court for the District of Nebraska, where he was

sentenced, and not with the District Court for the District of Colorado, where he is incarcerated.

Moreover, Pope can claim no relief from § 2255's provision permitting a habeas challenge to the validity of a sentence under § 2241 where a § 2255 remedy is "is inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255. Pope has simply failed to demonstrate that a § 2255 remedy would be ineffective in his case. In his brief, Pope relies upon the argument that the First Amendment of the Constitution provides him with the right to petition the government for the redress of his grievance. (Petitioner's Brief, at 2). This argument is insufficient.

We have expressly held that the "'[f]ailure to obtain relief from 2255 does not establish that the remedy so provided is either inadequate or ineffective.'" Bradshaw, 86 F.3d at 166 (quoting Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)). Indeed, courts have found a remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. See e.g. Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (§ 2255 remedy ineffective where the original sentencing court is abolished); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (suggesting that a § 2255 remedy might be ineffective where the sentencing court refuses to consider a § 2255 petition altogether or where the court delays consideration of the petition inordinately)

(dictum); <u>Cohen v. United States</u>, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (§ 2255 remedy ineffective where petitioner is sentenced by three courts, none of which could grant complete relief) (dictum).  None of these circumstances apply here.

## CONCLUSION

For these reasons, we AFFIRM the district court's denial of Pope's § 2241 petition.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge